It was argued for the plaintiff that the river, in the course of the third line, must be the boundary; had it been expressly called for as the termination of the line it could not be more completely designated than it is by the fourth and last line being directed along its various courses to the beginning. The distance, therefore, must be disregarded, according to the cases of Sandifer v. Foster, 2 N.C. 237, and Harts-
(229) field v. Westbrook, ibid., 258.
For the defendant, it was insisted that the cases cited could not govern this, which had features peculiar to itself, and in no wise resembling those relied upon. Here the word "southwardly" in the grant imports a direction to the river from the point where the distance of the third line gives out, and may well be taken as descriptive of the very short line which reaches the river; this seems evident, when it is considered that 179 poles form the length of each of the principal lines; and that the corner tree at the end of the disputed line, or one very near it, is well established.
To decide this question upon the words of the patent alone, the inclination of my mind would be in favor of the plaintiff's construction. But, upon examining the situation of the land as described in the plot, and upon hearing the evidence with respect to the marked corner, a very strong presumption arises that the word "southwardly" was inserted in the patent for a purpose more significant than that of describing the various courses of the river to the beginning. The case, therefore, resolves itself into a question of evidence, whether the lines and corners are established with such certainty as to create a belief that the third line was intended to stop at the end of the distance, and thence to pursue a southwardly course in order to arrive at the river. For if that was the land originally patented, there should be a verdict for the defendant.
Verdict for the defendant.
NOTE. — See Sasser v. Alford, 3 N.C. 148; Person v. Roundtree,ante, 69, and the cases referred to in the note thereto.
Cited: Pender v. Coor, 3 N.C. 183; McPhaul v. Gilchrist, 29 N.C. 173;Whitaker v. Cover, 140 N.C. 284. *Page 199 
(230)