Ruffin, C. J.
 

 The decision depends on the length and course of the third line, “North 80 poles.” It must be extended, beyond the distance called for, to the lake in some direction ; because the next line from its termination is • described, as not only being “East 400 poles,” but, furthermore, as running “thence with the windings of the Lake-water to the beginning” on the Lake. For it has been decided in a great number of cases, so as to be settled in this State, that the mathematical calls in a deed must give way to those for visible objects capable of being identified; as, for example, marked trees, and, with yet more reason, natural boundaries, as they are called, such as rivers, or other streams, mountains, rocks, or other enduring monuments. Indeed the rule has been found to have been laid down in the Statute book itself, as early as 1715, in the provisions for resurveying prior patents ; which direct that “the surveyor shall proceed by marked trees, if the same can be found, or by natural boundaries, if any mentioned ; and if there be not marked trees, then he shall follow the courses mentioned in the patent, so as the intention of the party first taking up the land may be observed as near as may be.”
 
 Ire. Rev. 1715, Gh. 29. The
 
 reason thus given makes it plain, that the rule rests upon a presumption, that there is less probability of a mistake having been committed in a line identified by marked trees or by a stream, than in one to be ascertained by the chain and compass merely ; and therefore, that, by having regard to those natural objects, the intention of the party will more probably be fulfilled than by respecting
 
 *60
 
 the courses and distances only. Then, if the third line here, instead of being described as “North 80 poles,” had gone on further “to the Lake,” there could be no scruple in extending the line to the lake, though it be three or four times the distance. But in truth the calls, taken together, amount substantially to that supposed; for, although the third line is, in itself, described by course and distance only, yet the line from its termination goes
 
 “thence loiih the windings of the lake to the
 
 beginning,” •which necessarily carries the third line itself to the lake. Indeed the case is precisely the same as
 
 Haughton and Slade
 
 v.
 
 Rascoe and Gray, 3
 
 Hawk. 21; in which one of the points was on this description : “then North
 
 12
 
 degrees, East 530 poles, then along the thoroughfare to the first station and it was held that the line, North 12 degrees, East 530 poles, went to the thoroughfare, and the next with the thoroughfare to the beginning.
 

 It was, however, argued at the bar, that the plaintiffs were entitled to judgment upon the case agreed, because, at all events, the patent did not cover all the land claimed by the defendant, inasmuch as the line was to go from the point, at which the distance gave out, the nearest way to the lake ; which is at a point considerably East of that where the third line intersects the lake, when extended due North. But the position is not correct in this case. It would be true, if the third line, pursuing its course, would not touch the lake at all; for, in that case, after completing the distance called for on the third line, the lake, on which the land must be bounded, could only be reached by changing the course, and, then, the most direct course must be adopted, forasmuch as there can be no other certain one. But neither course nor distance can be parted from further than the one or the other is necessarily controlled by other calls. In all other respects they stand, as if they were the sole terms of description. Here the error in the distance — 80 poles — is
 
 *61
 
 the only one which is apparent, and that is corrected by carrying the line to the lake. But as the line, when protracted North, actually intersects the lake, that course, must be pursued, because there is nothing to turn the line in any other direction.
 

 However the plat, annexed to a grant, may, in some cases, aid in the interpretation of ambiguous calls, it cannot have any effect in this case, since it does not purport to lay down the lake at all, although the accompanying description calls for it twice, and the Act of 1777 expressly requires water courses crossed or touched, and other remarkable places to be set down. The omission renders it highly probable, that the plat was made without actual survey, and thus deprives it of whatever credit it might otherwise be entitled to. But, at all events, there is nothing on it which can prevent the lines, which call for the lake, from going to or with it.