Battle, J.
 

 "We do not concur in the opinion expressed by his Honor in the Court below, as to the manner in which
 
 *314
 
 the line calling for McNeil’s land should be run ; and we think it probable that he was misled by what was said by. Chief Justice Runmsr in the case of
 
 The President and Directors of the Literary Fund
 
 v.
 
 Clark,
 
 9 Ire. Rep. 58. The call contained two descriptions, which were found to be inconsistent. In such a case it is well established by numerous adjudications, that the description about which there is the least liability to error, must be adojoted, to the exclusion of the other. It is equally well settled that the call for the line of another tract of land, which is proved, is more certain than, and shall be followed in preference to, one for mere course and distance;
 
 Carson
 
 v.
 
 Burnett,
 
 1 Dev. and Bat. Rep. 546
 
 ; Gause
 
 v. Perkins, 2 Jones’ Rep. 222 ;
 
 Corn
 
 v.
 
 McCrary
 
 3 Jones’ Rep. 496. In the case before us, McNeil’s land is identified by the proof, but the course and distance will not reach it. If the course would lead to it, then the distance only would be disregarded, and the line would be extended to the land mentionod. Such were the decisions in all the cases relied on by the defendant’s counsel;
 
 Standin
 
 v.
 
 Bains,
 
 1 Hay. Rep. 238 ;
 
 McPhaul
 
 v.
 
 Gilchrist,
 
 7 Ire. Rep. 169 ;
 
 Literary Fund
 
 v.
 
 Clark, ubi supra.
 
 It is true that, in the latter case, RuebtN, C. J., said that, if the third line, when extended, would not reach the lake at all, then the course must be followed to the end of the given distance, and then be changed, so as to go directly to the lake. This proposition was unnecessary to the decision of the cause, because the line, when extended in the given course, did reach the lake; and we suppose it was stated without much reflection whether it was supported by principle or by previous adjudications.
 
 We
 
 do not think it can be supported by either.
 
 We
 
 are not aware of any adjudged case in its favor, and it is liable to the strong objection of introducing into the call, two lines, when one is given. The two lines may have the effect of including much more, or much less, land than the quantity granted. The grantor supposed that one straight line would run a certain course and distance to the land mentioned. In this he is found to have been mistaken, and we have already seen
 
 *315
 
 that effect must be given to bis grant by following tbe more certain description. This must be done by running a straight line to the land, or other object called for, disregarding altogether the erroneous description of the course and distance. When the object designated has a considerable extension — as in the case of a river, swamp, or the line of another tract of land, then the disputed line must be run to the nearest point on said river, swamp, or line of another tract;
 
 Spruill
 
 v.
 
 Davenport,
 
 1 Jones’ Rep. 203.
 
 Venire de novo.
 

 Per Cdbiam. Judgment reversed.