Battle, J.
 

 When this case was before this Court on former occasions, it was taken for granted that the deed from the defendant to the plaintiff conveyed the soil of a part of the grantor’s avenue, reserving an easement thereon, and the only question then made, related to the form of the action and the amount of damages. Now, the question is, whether the deed conveys any part of the soil over which the defendant’s avenue extends, the defendant contending that the boundary of the land commences on, and the last line runs along the edge of the avenue, and that the land, conveyed, lies entirely outside of it. As it is a question of boundary, it is to be regretted that the land was not surveyed, showing, among other things, the width of the avenue before, and at the time of conveyance, and a plat made of it and sent up as a part of the case. We might thus have been enabled to understand more clearly the precise question in dispute, and might possibly have come to a different conclusion from what we have
 
 *228
 
 upon the merits of the case. The first call of the deed is the beginning
 
 “
 
 at a small sweet gum on my avenue,” which, it is stated, stands at the edge of the avenue. After several calls, about which there is no dispute, the Teuton landing-road is called for, and the boundary is. “ thence down said road to my avenue, leading to my dwelling-house, (here I reserve twenty feet for my avenue) thence down said avenue to-the sweet gum, the first station ; still reserving forever the width of twenty feet, at least, for "my avenue, to my house.” In calling for the avenue, the plaintiff contends that the line runs to the middle of it, and thence along the middle, until it gets opposite the sweet gum, when it turns and goes straight to that. Eor this, his counsel cites 2 Smith’s Lead, cases, (p. 216 Am. Ed.) where it is said that a call, in a deed, for a highway, carries the line to the middle of the highway, in analogy to the well known rule, which extends a line
 
 usquead filum aquae,
 
 where an unnavigable river or other stream is called for. The defendant’s counsel admits the law to be as contended for by the plaintiff, when a highway or public road is called for, but denies its application to a call for a private way or avenue, but insists that as the beginning corner is a, tree, standing on the edge of the avenue, and the last line runs down the avenue, it must rnn along the edge or margin to the beginning. There would be much force in this argument, were it not repelled by the reservation, twice mentioned, of twenty feet for the avenue to the grantor’s house. This, we think, must be taken as explanatory of the grantor’s intention, that the next to the last line should go to the middle of the avenue, and thence down the middle, so- as to include-a part of it. This construction is confirmed by the fact, that the parties have always considered it heretofore as the true one. See S. C. 5 Jones 68, Y Jones 272.
 

 Venire de novo.
 

 Per Curiam,
 

 Judgment reversed.