MINTA ALLEN, ROBERT ALLEN and T. M. ALLEN v. FERNEY GRIFFIN.

*Estoppel—Landlord and Tenant—Appeal—Assignment of Error.*

1. An appeal will not be dismissed for absence of formal exceptions or assignment of error, when the record or "the case" clearly discloses the ground of appeal.

2. The rule that a tenant is estopped from denying his landlord's title, does not preclude him from showing an equitable title in himself, or such circumstances as will entitle him to equitable relief against the landlord's claims.

(*Lytle* v. *Lytle*, 94 N. C., 522; *Pleasants* v. *Railroad*, 95 N. C., 195; *Justice* v. *Railroad*, 96 N. C., 412; *Davis* v. *Davis*, 83 N. C., 71; and *Calloway* v. *Hamby*, 65 N. C., 631; cited and approved).

CIVIL ACTION, for the recovery of land, tried before *Sheppard, Judge,* at the February Term, 1887, of WAKE Superior Court.

The plaintiffs are the heirs-at-law of one R. L. Allen, deceased, and as such claims the land in dispute.

The defendant claims under a deed executed to him by said R. L. Allen in November, 1879.

The following issues were submitted to the jury:

1st. Is the land in controversy embraced in the deed from R. L. Allen to the defendant?

2d. Did the defendant enter upon said land as the tenant of R. L. Allen?

3d. What is the yearly value of the land?

It was admitted that R. L. Allen remained is possession of the land in controversy after the execution of the deed to the defendant. It was also admitted that R. L. Allen rented the said land in the year 1880, for that year to one W. C. Lassiter, and that said Lassiter *sub-let* it for that year to the defendant, and that the defendant has been in possession

thereof ever since, never having surrendered the possession to the said R. L. Allen, or to the plaintiffs herein. It was also conceded that the defendant never had actual possession until he rented the land as aforesaid from said Lassiter.

The jury answered the first issue in the *negative* and the second in the *affirmative*.

" The Court set aside the finding upon the first issue as being against the weight of testimony, but upon the second issue gave judgment for the plantiffs as set out in the record, because, although the plaintiffs (defendant) might have title to the *locus in quo,* it appeared that the defendant had entered the *locus in quo* after the execution of the deed from R. L. Allen, under which he claimed as the tenant of said R. L. Allen; and said tenancy having expired before the commencement of this action, the defendant was estopped to deny the plaintiffs' title to the *locus in quo* after accepting the said tenancy, until he had surrendered the possession to the lessor."

From the judgment set out in the record the defendant appealed to the Supreme Court.

*Mr. J. N. Holding,* for the plaintiffs.
*Messrs. D. G. Fowle* and *A. Jones,* for the defendant.

DAVIS, J., (after stating the case as above). The plaintiffs move in this Court to affirm the judgment, "upon the ground that no exception was taken by the defendant to the said judgment, and no errors are assigned in the statement of the case or in the record, for consideration and revision by the Court." The case was settled by the Court "as upon disagreement, by consent." It was not stated by the appellant, and as stated by his Honor, it presents concisely and clearly the matter in controversy, and the " ground of error is sufficiently assigned" within the ruling in *Lytle* v. *Lytle,* 94 N. C., 522. Neither by the authority of that case, nor by *Pleasants*

v. *The Rail Road,* 95 N. C., 195, nor *Justice* v. *The Rail Road,* 96 N. C., 412, nor Rule 7, can the motion to affirm be sustained.

Was there error in the judgment? Two issues were submitted, one was set aside as against the weight of evidence, and upon the other, judgment was rendered for the plaintiffs. With this judgment the defendant was dissatisfied, and from it he appealed; and it is not necessary "to roam through the record" or to have a "chart and compass" to find the alleged ground of error.

Was the first issue necessary to a just determination of the action? If so, the finding of the jury upon that issue having been set aside as against the weight of evidence, the defendant was entitled to a new trial.

If the land in dispute was embraced in the deed from R. L. Allen to the defendant, might not the defendant notwithstanding the lease to Lassiter and the sub-lease by Lassiter to himself, set up as against Allen or his heirs, after the expiration of the lease, the title which he himself had acquired from Allen? In a Court of Equity would not Allen be estopped by his deed from asserting his right of possession?

No proposition is better settled as a rule of law, than that a lessee is not permitted while continuing in possession to dispute the lessor's title. He must surrender the possession before he can contest the title. But as was said in the case of *Davis* v. *Davis,* 83 N. C., 71, Chief Justice SMITH, delivering the opinion: "The rule does not preclude the tenant from showing an equitable title in himself, or such circumstances as under our former system would call for an interposition of a Court of Equity for relief, and which relief may now be had in one action."

Now that law and equity "are administered by the same Court, and without any distinction of form, the tenant can set up in his answer any equitable defence he may have to his landlord's claims."

" *Calloway* v. *Hamby*, 65 N. C., 631," says RODMAN, Judge, " is a case in which that was successfully done, and the defendants were held entitled to a specific performance of the plantiff's covenant to convey the land."

We think the first issue was a proper one, and the defendant is entitled to a new trtal.

Error.                                        Reversed.