WHITAKER v. COVER.

(Filed December 15, 1905).

*Deeds and Grants—Calls—Descriptions—Number of Acres.*

1.  When the line of another tract of land which is known and established is called for in a grant or deed, it will control a call by course and distance.

2.  Ordinarily, the number of acres mentioned in a deed constitutes no part of the description, especially when there are specifications and localities given by which the land may be located.

ACTION by W. T. Whitaker against S. E. Cover and others, heard by *Judge G. S. Ferguson* and a jury, at the August Term, 1905, of the Superior Court of CHEROKEE, upon the following case agreed:

"W. T. Whitaker sold and conveyed to S. E. Cover *et al* a certain tract of land in Cherokee County, containing, as shown by State grant No. 3632, 640 acres, at the price of $3 per acre. The calls in said State grant are as follows: Beginning on a chestnut tree standing in the line of number 69, and runs west 260 poles to a stake; then north 320 poles to a stake; then east 320 poles to a stake; then with the line of No. 2229 south 320 poles to the southwest corner of said number on the line of number 69; then with that line west 60 poles to the beginning. From the third corner running east 320 poles to a stake and then south with the line of No. 2229, would increase the distance 93 poles, and the acreage from 640 to 820 acres.

"W. T. Whitaker insists and contends that the line running east must go to the line of 2229, and then with that line south, and that said S. E. Cover *et al* are due and owing him $3 per acre for all lands in excess of 640, which said State grant calls for; and that the State grant covers and will hold the land to number 2229.

"S. E. Cover *et al* contend that the east line calling for a stake, but not in the line of No. 2229, must stop when the 320 poles are reached at the stake, and that by stopping at the end of the call in the east line and running south to the line of No. 69 and then 60 poles to the beginning corner, gives the complement of 640 acres called for in the grant.

"A plat and certificate of said land is hereto attached and made a part of this case agreed.

"The parties agree that if the east line should be extended to the line of No. 2229 and, if the court so decides, S. E. Cover *et al* will owe W. T. Whitaker for all land in excess of 640 acres called for in the State grant, $3 per acre. If the court decides that the east line stops at the end of 320 poles, then S. E. Cover *et al* will owe W. T. Whitaker nothing, having paid Whitaker for 640 acres." Judgment was given for the plaintiff and the defendants appealed.

*R. D. Gilmer, Ben Posey* and *J. D. Mallonee* for the plaintiff.

*E. B. Norvell* and *Axley & Axley* for the defendants.

WALKER, J., after stating the case: The only question in this case is, whether the line described as running "east 320 poles to a stake" should stop when the distance gives out or should be extended to the line of patent No. 2229, the next call being "then with the line of No. 2229 south 320 poles to the southwest corner of said number on the line of number 69." We have no doubt as to what our answer to this question should be. The affirmative of the proposition has been settled by a long and, we think, unbroken, line of precedents in this State. Counsel for the defendant have called our attention to *Brown v. House,* 116 N. C., 859, and they contend that it marks a distinct departure from this established doctrine. If there were any irreconcilable conflict between the decision in *Brown v. House* and what we now

decide, we should refuse to follow it, but an examination of that case will disclose that the court recognizes the settled rule to be that the general calls in a grant or deed control in locating the land described in the instrument, subject, however, to the exception that when a natural object or monument is also called for and can be identified and located, it will control a call by course and distance. It is added, that the courts have held that the line of an adjacent tract, if known and established at the date of the execution of the grant or deed, will have the same effect. We have given substantially the language there employed. The court, however, thought that the call, then under consideration, namely, "South 360 chains to a stake supposed to be Stokeley Donelson's line, thence with his line east 390 chains to his northeast corner," was not within the well known exception just stated, as it was too vague and uncertain to control the course and distance, and stress was further laid upon the fact that the line was only 360 chains long, whereas, if extended in order to reach Donelson's line, a mile and a quarter must be added to its length. Whether these reasons are cogent enough to take even that case out of the exception, we need not say, as there are no facts in this case of the kind which influenced the court in reaching its conclusion in that case. Here the call is a positive as well as a definite one, and the excess of distance only 94 poles in the third line, if we go to the line of tract No. 2229, and besides that line is an established one and was actually located by the surveyor, as appears by the annexed plats and field notes. Upon this showing, it is not necessary to disturb *Brown v. House,* as our case comes clearly within the exception. But the learned counsel confidently relied on *Harry v. Graham,* 18 N. C., 76, as showing that this case is not governed by the exception. The call in that case was, "running north 45 degrees west 220 poles to a black oak, *near* his (the grantee's) own line." If the black oak could not be found, nor its locality proved,

it was held that the word "near" would not carry the line 30 poles further to reach another tract belonging to the grantee, but that it must be stopped at the end of the distance mentioned in the grant. The court in that case also recognizes the exception to the general rule that calls for the line of another tract will control course and distance and intimates that it would have been applied to the call of the grant then being construed, notwithstanding the use of the word "near," if the next preceding call in the grant had not enabled the surveyor to fix with certainty the place where the black oak once stood, it being N. 45 degrees W. 220 poles from a chestnut and red oak, which were found. The call for the grantee's line was not, therefore, the more certain one. That case, instead of militating against the position we take, is, we think, a direct and strong authority in support of it. In *Haughton v. Rascoe,* 10 N. C., 21, the call was "N. 12 E. 530 poles, then along the thoroughfare," and it was held, as a matter of course, and without discussion, that the line should be extended (beyond the distance given) to the thoroughfare. *Judge Gaston,* who argued the case for the defendant, seems not to have contested the point. The deed in *Sandifer v. Foster,* 2 N. C., 237, contained this call: "Thence south to a white oak, thence along the river to the beginning." The court decided, according to what it said had been "uniformly held in our courts," that the river was the boundary, although the distance gave out before reaching that object and the white oak stood half a mile from the river. The call of the grant in *McPhaul v. Gilchrist,* 29 N. C., 169, was "N. 87 W. 199 poles to a hickory, thence the courses of the swamp to the beginning," and the court held that though the distance from the last corner to the swamp was greater by 9 chains and 50 links than that given in the grant, and though there was no hickory to be found, and no proof of its existence, yet the line should go to the swamp and thence pursue its courses. To the same effect are the

following cases: *Pender v. Coor,* 1 N. C., 228; *Prest. of Lit. Fund v. Clark,* 31 N. C., 58; *Hartsfield v. Westbrook,* 2 N. C., 258; *Cherry v. Slade,* 7 N. C., 82; *Hays v. Askew,* 53 N. C., 226; *Gause v. Perkins,* 47 N. C., 222; *Baxter v. Wilson,* 95 N. C., 137. In *Corn v. McCrary,* 48 N. C., 496, *Pearson, J.,* uses language which has a strong bearing upon the facts of this case: "The line of another tract which is called for, controls course and distance, being considered the more certain description, and it makes no difference whether it is a marked or an unmarked, or mathematical line (as it is termed in the case), *provided it be the line which is called for.* In deciding whether it be the line called for, the fact of its being a marked line, may have an important bearing; but in our case it is assumed to be the line called for, which disposes of the question." And later, in *Graybeal v. Powers,* 76 N. C., 66, the same learned judge, speaking for the court, reaffirms the principle that whenever the line of another tract is called for, whether it be a marked or a mathematical line, the course must be disregarded, if the line, so designated as the end of the call, is sufficiently established. In *Campbell v. Branch,* 49 N. C., 313, *Battle, J.,* for the court, said: "The description about which there is the least liability of error, must be adopted, to the exclusion of the other. It is equally well settled that the call for the line of another tract of land, which is proved, is more certain than, and shall be followed in preference to, one for mere course and distance." The subject is fully treated in *Rowe v. Lumber Co.,* 133 N. C., 433, and in *Hill v. Dalton,* and *Fincannon v. Sudderth,* at this term. Wherever the principle has been held not to affect a call by course and distance, it will be found to be due to some peculiarity in the facts which rendered inapplicable the reason upon which it is based, namely, that an uncertain description should yield to one which is certain and less liable to disappoint the intention of the parties.

The difference in the quantity of the land, or the number

of acres, if the call is stopped at the end of the distance and if extended to the line of lot No. 2229, cannot be allowed to prevent the application of the principle embodied in the exception to the general rule requiring the land to be located according to the primary calls of the deed, the exception being, "unless there are others more certain." "Ordinarily, the number of acres mentioned in a deed constitutes no part of the description, especially when there are specifications and localities given by which the land may be located, but in doubtful cases it may have weight, as a circumstance in aid of the description, and in some cases, in the absence of other definite descriptions, may have a controlling effect." *Harrell v. Butler,* 92 N. C., 20; *Baxter v. Wilson, supra.*

There was no error in the judgment of the court upon the case agreed.

Affirmed.