J. K. KERR ET AL. v. W. B. DRAKE, JR., ET AL.

(Filed 5 October, 1921.)

**1. Appeal and Error—Service of Case—Motion to Dismiss—Notice—Waiver.**

It is not necessary for the appellee to give appellant notice of a motion to dismiss the appeal under the rules of court, and counsel saying that he had not examined the appellant's statement of the case, served after the expiration of the time allowed, is not a waiver of his client's rights.

**2. Same—Agreement—Extension of Time.**

An extension of time by consent for appellant to serve his case on appeal to the Supreme Court must be strictly complied with, within the time agreed upon with the appellee's counsel, unless a further agreement has been made for an extension of time.

**3. Appeal and Error—Statutory Right.**

The right of appeal to the Supreme Court rests upon the statute, and is not an absolute one, and the appeal will be dismissed, under the rules, unless appellant shows sufficient cause, and that he has not been negligent therein.

**4. Same—Transcript—Docketing—Certiorari.**

Where the appellant is not in default in bringing up his case to the Supreme Court, the appeal will nevertheless be dismissed under the rule unless at the first term after the trial below and at or before the time when the appeal should be docketed, the appellant shall file a transcript of all the record available, and ask for a *certiorari* to complete the transcript or to have the case settled.

**5. Appeal and Error—Docketing—Laches—Attorney and Client.**

The negligence of counsel in sending up, docketing, and printing the transcript is that of his client, and is imputed to him.

MOTION by defendants to reinstate the appeal in this case, which has been docketed and dismissed under Rule 17, on motion of plaintiffs.

*Butler & Herring and Grady & Graham for plaintiffs.*
*B. H. Crumpler and A. L. Cox for defendants.*

PER CURIAM. This case was tried at June Special Term, 1921, of Sampson before *Lyon, J.* Seven days before the docket from that district was reached the appellee filed the certificate required by Rule 17, 174 N. C., 831, and his motion to docket and dismiss under said rule, which was allowed when the call of the district began. Thereafter, on the same day, the appellants filed an affidavit and moved to reinstate.

There was a verdict against the defendants and judgment from which they appealed. By consent the defendants obtained 30 days from the adjournment of said term of court to serve case on appeal, and plaintiffs were allowed 30 days thereafter to serve counter case. No case on appeal was served by defendants within the time agreed upon, but, on the contrary, it was not served until 2 September, 1921, *i. e.*, 61 days after adjournment of said June Special Term.

On 27 September the appellants filed an affidavit and motion to reinstate the case on appeal which sets forth the above agreement of 30 days after 2 July to serve countercase, and alleged that on 29 July, 1921, the resident counsel in Sampson having received transcript of the evidence from the court stenographer, forwarded the same to their associate counsel in the city of Raleigh. It appears from the affidavit of the stenographer that she furnished the evidence complete to defendants' counsel in Clinton on 16 July, 1921. It does not appear on what date the defendants' counsel forwarded the papers to counsel in Raleigh. There is no evidence of any delay in the mail. The counsel in Raleigh filed his affidavit that he was absent from his office in Raleigh from 30 July to 15 August, and that after receiving the papers on 15 August, he was unable to see his client, one of the codefendants in this case, until on the following week, owing to his client's absence from the city and his being busy, and further, that after seeing his client he himself was again called from the city and did not return till 29 August, and upon his return he completed the preparation of the case on appeal and forwarded it to the counsel in Clinton on 1 September, who delivered it the next day to counsel for the plaintiff, who on 12 September notified the counsel for the defendants that they would not accept the case on appeal, but would move to dismiss, under Rule 17, which was done in apt time, and the motion was allowed. The only other allegation the appellants make is that between 2 September, when the case was served, and 12 September, and prior to the receipt of this notice, one of the counsel for the appel-

lants met one of the counsel for the defendants, who did not then state to the defendants that he would move to dismiss the appeal, but said he had not fully examined appellant's statement of the case on appeal. This was not a waiver of the motion to dismiss. Besides, it was not necessary that the appellee should give any notice of the motion to dismiss.

The other matters set forth show, in every particular, a disregard of the statutory requirements as to the time of service of case on appeal, and in every respect ignored the statute as to making up a case on appeal.

The agreement for 30 days in which to serve the case on appeal was merely a substitute for the 15 days allowed by statute. The statutory requirements as to making up cases on appeal must be strictly complied with except when there is an agreement to extend the time, and then only to the extent of such agreement. ·

In *Hardee v. Timberlake,* 159 N. C., 552, where, by consent, the appellant was allowed 30 days in which to serve the case on appeal, but it was not served till the 32d day, the appeal was dismissed. In *Guano Co. v. Hicks,* 120 N. C., 29, where there was a like agreement allowing 30 days but the appeal was not served till the 31st day, it was dismissed.

The right to appeal is not an absolute right, but is only given upon compliance with the requirements of the statute, and when these are not observed the appeal will be dismissed, unless sufficient cause is shown that there was no negligence on the part of the appellant. The appellee has his rights, and it is no excuse that it was not convenient for the appellant or his counsel to observe the requirements of the statute.

The appeal will be dismissed, even when there has been sufficient ground to excuse compliance with the statute, unless, at the first term after the trial below and at or before the time when the appeal should be docketed, the appellant shall file a transcript of all the record that is available and ask for a *certiorari* to complete the transcript or to have the case settled. *Burrell v. Hughes,* 120 N. C., 277, and numerous cases there cited, and cases cited to that case in the Anno. Ed.

The negligence of counsel in sending up, docketing, and printing the transcript is that of the client, and will not excuse failure to do so. *Truelove v. Norris,* 152 N. C., 755; *Vivian v. Mitchell,* 144 N. C., 477, citing numerous cases. See, also, citations to that case in Anno. Ed.

In this case the appellant's affidavits disprove any allegation of reasonable ground for not complying with the statute. But if there had been any grounds to excuse the failure to serve the case on appeal within proper time they have failed to file a transcript of the record and move for *certiorari.* More than this, they did not even file a transcript of the record proper with this motion to reinstate.

Motion denied.