MRS. KATE H. HALL v. ZEBULON ROBINSON, N. CURTIS ROBINSON, W. ALONZO ROBINSON, INDIVIDUALLY, AND AS PARTNERS, ROBINSON BROTHERS CONTRACTORS, INCORPORATED, A CORPORATION, AND A. T. TISDALE, ALIAS A. L. TISDALE.

(Filed 8 October, 1947.)

**1. Appeal and Error §§ 23, 31g—**

Where the sole exception is to the judgment as it appears in the record a separate assignment of error is not necessary, and motion to dismiss for failure of appellant to make such assignment of error is without merit.

HALL *v.* ROBINSON.

**2. Appeal and Error § 10b—**

> Where appellant fails to serve case on appeal within the time allowed, appellee's motion to strike the case on appeal from the files is made as a matter of right and must be allowed.

**3. Appeal and Error § 31b—**

> Absence of case on appeal is not ground for dismissal of the appeal, but the Supreme Court will review the record proper. However, if no error appears therein the judgment of the lower court must be affirmed.

DEFENDANT's appeal from *Gwyn, J.,* at January Term, 1947, of BUNCOMBE.

*Williams, Cocke & Williams for plaintiff, appellee.*
*Guy Weaver for defendants, appellants.*

SEAWELL, J. The plaintiff brought this action to have the operation of a woodworking plant belonging to the defendants and adjacent to her residence in a predominantly residential district in Asheville abated, alleging that the noise and dust from the plant was such as to cause her substantial physical discomfort in the enjoyment of her property, and asked for damages.

The verdict and judgment were adverse to defendants and they gave notice of appeal and were given 60 days to serve case on appeal. They took 62. In acceptance of the case the plaintiff's counsel reserved all rights as to a motion to strike or dismiss, and this is confirmed by stipulation of counsel in the record.

The plaintiff's appeal was brought forward here by stipulation of counsel in defendants' record and is argued both orally and by brief.

The plaintiff moved in Superior Court to strike the case on appeal from the files and to dismiss the appeal. The judge found every fact necessary to support the motion fully and completely with the plaintiff and thereupon declined the motion, entering judgment accordingly. There is only one exception—to the judgment as it appears in the record.

While the defendant has made no such motion, attention has been called to the fact that the plaintiff made no separate assignment of error and it has been suggested that the Court might *ex mero motu* dismiss plaintiff's appeal on that ground. This, however, would be contrary to the practice of the Court and established precedent.

It is held in North Carolina, *Bessemer Co. v. Piedmont Hardware Co.,* 171 N. C., 728, 88 S. E., 867, and in *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713, that no separate assignment of error is necessary where there is but a single exception and this is presented by the record, nor where the case is heard below on an agreed statement of facts, nor where

the exception to the judgment is the only one taken—and the appeal itself is an exception thereto. In accord with this rule are *Allen v. Griffin,* 98 N. C., 120, 121, 3 S. E., 837, and *Lytle v. Lytle,* 94 N. C., 522, 523; McIntosh, North Carolina Practice and Procedure, Sec. 679, and cases cited.

Plaintiff's motion to strike defendants' case on appeal from the files is made as a matter of right and involves no discretion of the judge. The facts are undisputed; and the Court is unable to condone the error or deny the relief asked for by the plaintiff.

But the loss of the case on appeal does not require the dismissal of defendants' appeal. They have brought the record proper here and were entitled, if they so desired, to be heard upon that; or, in proper cases the Court will undertake *suo sponte* to review the record proper. However, the objections of the defendants do not lie within the compass of the record proper, but in the *postea,* which they do not present; and we find nothing in the record proper to defeat affirmation of the judgment.

The motion to dismiss defendants' appeal is denied. The judgment of the court below is affirmed. *Lawrence v. Lawrence,* 226 N. C., 221, 222; *Bell v. Nivens,* 225 N. C., 35, 33 S. E. (2d), 66; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

Motion to dismiss denied.

Judgment affirmed.