### STATE v. DANIEL BRYANT.

(Filed 25 March, 1953.)

**1. Criminal Law §§ 73d, 78c, 80b (5)——**

The want of a case on appeal is not ground for dismissal, since the appeal itself constitutes an exception to the judgment and presents the case for review of alleged error appearing on the face of the record.

**2. Criminal Law § 56——**

To afford grounds for relief on a motion in arrest of judgment, it must be made to appear that the record is in some respect fatally defective and insufficient to support the judgment entered.

**3. Same: Criminal Law § 77a: Searches and Seizures § 2——**

A search warrant constitutes no part of the record, and therefore motion in arrest of judgment does not present the questions whether a search warrant issued by a magistrate was returnable before the judge of the municipal court or whether it is therefore void.

APPEAL by defendant from *Frizzelle, J.,* November Term, 1952, of CRAVEN.

Criminal prosecution under a warrant charging that defendant did unlawfully have in his possession a quantity of nontax-paid liquor for the purpose of sale, heard in the Superior Court on appeal from the municipal court of the City of New Bern.

There was a verdict of guilty. The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM. The Attorney-General moves to dismiss for that the defendant served no case on appeal and there is no "case agreed" or case on appeal settled by the judge appearing in the record. But an appeal will not be dismissed for failure of appellant to serve a case on appeal. The appeal itself constitutes an exception to the judgment and presents the case for review of alleged error appearing on the face of the record. *Lawrence v. Lawrence,* 226 N.C. 221, 37 S.E. 2d 496.

No error appears on the face of the record. To afford grounds for relief on a motion in arrest of judgment, it must be made to appear that the record is in some respect fatally defective and insufficient to support the judgment entered. *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663; *S. v. Dilliard,* 223 N.C. 446, 27 S.E. 2d 85; *S. v. Gaston,* 236 N.C. 499. The record does disclose that a magistrate issued a search warrant returnable before the judge of the municipal court of the city of New Bern. We may concede, without deciding, that such warrant is unauthorized by statute and was void. Even so, there is nothing in the record that indicates any information discovered by authority of this warrant was offered in evidence against defendant. Furthermore, the search warrant constitutes no proper part of the record. *S. v. Gaston, supra.*

The other questions the defendant seeks to present are not properly before us for consideration or decision.

The judgment entered is
Affirmed.