J. M. LITTLE AND ANNIE LITTLE v. GEORGE W. SHEETS (W. G. SHEETS, R. A. SHEETS AND EFFIE LIDDLE).

(Filed 29 January, 1954.)

**1. Appeal and Error § 10b—**

Clerks of the Superior Court have no discretionary power to enlarge the time for service of statement of case on appeal.

**2. Same—**

G.S. 1-281 does not authorize a clerk of Superior Court to enlarge the time for service of statement of case on appeal in those instances in which appeal is taken from judgment rendered by the court out of term and out of the district by agreement.

**3. Appeal and Error § 31b—**

Where statement of case on appeal is not filed within time allowed, G.S. 1-282, it is a nullity, but failure of case on appeal does not require dismissal, since the record proper may be reviewed for error appearing on its face, and the judgment affirmed on motion of appellant when no error so appears.

**4. Appeal and Error § 40d: Trial § 55—**

The findings of fact by the trial court under agreement of the parties are as conclusive as the verdict of a jury when the findings are supported by evidence.

APPEAL by plaintiffs from *Patton, Special Judge,* at July 1953 Special Term of ASHE.

Processioning proceeding to determine the true boundary line between lands of plaintiffs and lands of respondents, heard at term,—a jury trial having been waived by the parties, and it being stipulated that the court should pass upon the issues of fact, together with questions of law arising in the action, and render judgment out of term and out of the district.

This is the issue shown in the record: Where is the true location of the dividing line between the lands of the plaintiffs and those of the defendants? The court answered: "From the letter 'A' to the letter 'B' on the court map"—as contended by defendants. And in accordance therewith the "Judge Presiding" rendered judgment "in the city of Shelby, Cleveland County, North Carolina," on 1 August, 1953.

The judgment was received by the Clerk of Superior Court of Ashe County on 3 August, 1953. And after docketing it, the Clerk entered an order under date of 12 August, 1953, reciting that the judgment "having been rendered out of term and out of the district, by consent, the plaintiff excepts and gives notice of appeal to the Supreme Court of North Carolina. The plaintiff shall have ninety (90) days within which to make up and serve case on appeal and the defendants shall have thirty (30) days

thereafter within which to file exceptions and countercase. Appeal bond in the amount of One Hundred ($100.00) dollars is adjudged sufficient."

Plaintiffs, through their counsel, on the same day, 12 August, 1953, gave notice of their appeal to attorneys for defendants, who accepted service of it.

Thereafter on 21 October, 1953, "attorneys for defendant-appellees" accepted service of case on appeal and acknowledged receipt of a copy of it. And there appears in the record on appeal a stipulation signed by "attorneys for plaintiff-appellants" and by "attorneys for defendant-appellees" in which it is stipulated and agreed "that the foregoing shall constitute the case on appeal in this action in the Supreme Court of North Carolina, the defendant-appellees not waiving their objection that the statement of case on appeal was not presented in time . . ."

*Bowie & Bowie and Wade E. Vannoy, Jr., for plaintiffs, appellants.*
*Johnston & Johnston for defendants, appellees.*

WINBORNE, J. Appellees, having reserved their objection that the statement of case on appeal was not presented in time, move in this Court for affirmance of the judgment below, or for dismissal of the appeal. This basis on which the motion rests is that the statute G.S. 1-282 requires that appellant shall cause to be prepared a statement of the case on appeal, and a copy thereof served on the respondent within fifteen days from the entry of the appeal taken; and that while this statute vests the judge trying the case with power, in his discretion, to enlarge the time in which to serve case on appeal, no such power is given to clerks of Superior Court. This Court is of opinion, and now holds, that the point is well taken.

On the other hand, appellants say and contend that the preceding section of the General Statutes, that is, G.S. 1-281, is applicable in that it provides that "When appeals are taken from judgments of the judge not made in term time, the clerk is authorized to make any and all necessary orders for the perfecting of such appeals," and, hence in such case, the clerk is vested with an over-all authority, including power to enlarge time for service of case on appeal.

This position is untenable for these reasons: This proceeding was tried in term time before the presiding judge, without a jury, and judgment was rendered as of the term. The parties only agreed that the judge might render judgment out of term, and out of the district. Moreover, the General Assembly having expressly fixed the time for serving of statement of case on appeal, and having specifically authorized the judge, in his discretion, to enlarge the time, it would seem, therefore, that this procedure is exclusive. The express mention of the one excludes the other.

Indeed, it will not be assumed that the General Assembly intended to give to clerk of Superior Court implied authority to do that for which express authority is given to the judge:

"The right of appeal is not an absolute right, but is only given upon compliance with the requirements of the statute." *Kerr v. Drake,* 182 N.C. 764, 108 S.E. 393. See also *S. v. Daniels,* 231 N.C. 17, at 24, 56 S.E. 2d 2, where it is stated that "rules requiring service to be made of case on appeal within the allotted time are mandatory, not directive."

Therefore this Court is constrained to hold that the case on appeal, shown in the transcript on this appeal not having been served within the time fixed by statute, and there being neither waiver nor valid enlargement of time for service thereof, is a nullity. *Hicks v. Westbrook,* 121 N.C. 131, 28 S.E. 188; *Hall v. Hall,* 235 N.C. 711, 71 S.E. 2d 471, and cases cited.

However, the motion to dismiss the appeal on the ground that there is no case on appeal must be denied, for the reason that there may be error on the face of the record proper. But a motion to affirm the judgment below is appropriate procedure.

Where there is failure to have a case on appeal legally served and settled, decisions of this Court uniformly hold that that does not of itself require a dismissal of the appeal. The appellants are still entitled to present the case on the record proper. We cite a few of such decisions. See *Wallace v. Salisbury,* 147 N.C. 58, 60 S.E. 713; *Roberts v. Bus Co.,* 198 N.C. 779, 153 S.E. 398; *Pruett v. Wood,* 199 N.C. 788, 156 S.E. 126; *Bell v. Nivens,* 225 N.C. 35, 33 S.E. 2d 66; *Lawrence v. Lawrence,* 226 N.C. 221, 37 S.E. 2d 496; *Hall v. Robinson,* 228 N.C. 44, 44 S.E. 2d 345; *S. v. Bryant,* 237 N.C. 437, 75 S.E. 2d 107.

In the light of this rule of practice, an examination of the record proper on this appeal fails to disclose error therein. And it is not inappropriate to say, in passing, that an examination of the case on appeal shown in the record, but not served in time, discloses substantial competent evidence to support the finding of fact made by the judge as to the true dividing line between the lands of plaintiffs, and those of defendants, in keeping with well settled and applicable principles of law. See *Lumber Co. v. Hutton,* 159 N.C. 445, 74 S.E. 1056; *Whitaker v. Cover,* 140 N.C. 280, 52 S.E. 581; *Huffman v. Pearson,* 222 N.C. 193, 22 S.E. 2d 440; *Brown v. Hodges,* 232 N.C. 537, 61 S.E. 2d 603, and cases there cited.

And, a jury trial having been waived, and the parties agreeing that the judge should pass upon the issues, the findings of the judge, supported by evidence, are as conclusive as the verdict of a jury. See of late cases: *Poole v. Gentry,* 229 N.C. 266, 49 S.E. 2d 464; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351; *St. George v. Hanson, ante,* 259; *Lovett v. Stone, ante,* 206; *Trust Co. v. Finance Co.,* 238 N.C. 478.

For reasons stated:
Motion to dismiss denied.
Motion to affirm allowed.