MARY HOOVER v. WILLIAM DAVIS HOOVER AND CROWDER CONSTRUCTION COMPANY, INC.

No. 7026SC412

(Filed 26 August 1970)

1. **Appeal and Error § 24— exception to judgment — necessity for assignment of error**

   No assignment of error is necessary where the sole exception is to the judgment as it appears in the record and the appeal itself is an exception thereto.

2. **Rules of Civil Procedure § 8; Pleadings § 26— demurrer sustained under former statute — motion to dismiss amended complaint — applicability of new Rules — res judicata**

   Where demurrer to the original complaint was sustained under [former] G.S. 1-122(2), and motion to dismiss the amended complaint for failure to state a claim for relief was filed after the effective date of the new Rules of Civil Procedure, the sufficiency of the amended complaint is to be tested against the standard provided in Rule 8(a) (1), and the order sustaining the demurrer to the original complaint could not be *res judicata* when considering the question of the sufficiency of the amended complaint under the new Rules.

3. **Rules of Civil Procedure § 8— sufficiency of complaint — objective of Rule 8(a)(1)**

   One of the objectives of enactment of Rule 8(a) (1) was to eliminate discussion as to whether a particular allegation states an "ultimate" fact or an "evidentiary" fact or conclusion of law.

4. **Highways § 7; Railroads § 7— construction of railroad bridge over high-way — duty to travelers on highway·**

When the corporate defendant undertook to construct a railroad bridge over a public highway, the positive legal duty devolved upon it to exercise ordinary care for the safety of the general public traveling over the road on which it was working.

5. **Highways § 7; Railroads § 2— column of railroad bridge under construction struck by car — negligence by contractor — sufficiency of complaint**

In this action for personal injuries received by plaintiff when the automobile in which she was riding as a passenger ran into a concrete column supporting a railroad overpass then being constructed by defendant over the highway, plaintiff's amended complaint gave ample notice of the occurrences she intended to prove to show a breach of duty on the part of corporate defendant and that she is entitled to relief. Rule of Civil Procedure No. 8(a)(1).

APPEAL by plaintiff from *Clarkson, J.,* 6 April 1970 Special Civil Session of MECKLENBURG Superior Court.

In this civil action plaintiff seeks recovery of damages for personal injuries received by her on 24 April 1966 when the automobile in which she was riding as a passenger ran into a concrete column supporting a railroad overpass then being constructed over highway 74 by the corporate defendant for the Seaboard Airline Railroad Company. In her complaint filed 18 April 1969 plaintiff alleged: The corporate defendant, in constructing the overpass, built nine cement columns, each about 40 inches in diameter, which were placed under the overpass; three of these columns were erected on the south side of the road, three in the middle of the road, and three on the north side of the road; the three columns on the north side of the highway divided the eastbound traffic from the westbound traffic, the westbound traffic running off of the main traveled portion of the road just north of the three columns located on the north side of the highway; the accident occurred when the driver of the car in which plaintiff was riding in a westerly direction, on meeting a vehicle with bright lights traveling in an easterly direction, abruptly turned to the right and struck one of the columns in the middle of the road. Plaintiff alleged that the individual defendant, who was driver of the automobile in which she was riding, was negligent in driving too fast, in failing to keep a proper lookout, and in other respects. She alleged that the corporate defendant was negligent in failing to use any method to control the dust that was pervading the area, in failing to keep its warning signals visible and in proper

repair, in failing to maintain any physical barrier which could keep the traffic in the two traffic lanes separated through the point on the road where the construction was under way, and in failing to provide an officer or other person to direct traffic where danger was imminent along the roadway. Plaintiff further alleged that the concurring negligence of the two defendants was the proximate cause of her injuries.

On 30 June 1969 the corporate defendant filed demurrer to the complaint for failure to state facts sufficient to constitute a cause of action. Hearing on the demurrer was held before Judge Falls at the 24 November 1969 Non-Jury Civil Session of Mecklenburg Superior Court and on 25 November 1969 Judge Falls entered an order sustaining the demurrer and granting plaintiff 30 days within which to amend her complaint. Plaintiff filed amended complaint on 11 December 1969, and on 22 December 1969 submitted to judgment of voluntarily nonsuit as against the individual defendant. On 9 January 1970 the corporate defendant filed a motion for an order dismissing plaintiff's action for failure to state a claim upon which relief can be granted for that: (1) Judge Falls had previously sustained defendant's demurrer to the original complaint for failure to state a cause of action, "and the ultimate facts alleged in the plaintiff's Amended Complaint are identical to those in the original Complaint and his Honor's sustaining of the Demurrer therefore constitutes the law of the case," and (2) "[h]is Honor's ruling on the Demurrer to the original Complaint is *res judicata* as to the plaintiff's Amended Complaint for the reason that no new matter is alleged in the Amended Complaint." A hearing was held on defendent's motion before Judge Clarkson at the 6 April 1970 Special Civil Non-Jury Session of Mecklenburg Superior Court, and on 10 April 1970 Judge Clarkson entered an order allowing the motion to dismiss. Plaintiff excepted to this order and appealed to the Court of Appeals.

*W. B. Nivens for plaintiff appellant.*

*Marvin K. Gray; and Carpenter, Golding, Crews & Meekins, for defendant appellee.*

PARKER, J.

[1] No assignment of error appears in the record. None is necessary, however, where, as here, the sole exception is to the judgment as it appears in the record and the appeal itself is

an exception thereto. *Hall v. Robinson,* 228 N.C. 44, 44 S.E. 2d 345.

Comparison of plaintiff's amended complaint with her original complaint, demurrer to which was sustained by Judge Falls with leave granted plaintiff to amend, reveals that the two pleadings are substantially the same. Each contains 22 paragraphs. Nineteen of the paragraphs in the amended complaint are identical with the corresponding paragraphs in the original complaint. In three paragraphs slight changes have been made. In paragraph 7 of the original complaint plaintiff alleged that a dusty detour sign located at the base of one of the concrete columns was "not visible"; in the amended complaint the words "not visible" were changed to "completely covered with dust." In paragraph 11 of the original complaint plaintiff alleged that certain of the blinker lights located east of the point of construction were out and "the dust was so heavy until the visibility was poor and the warning signs were not clearly visible"; in the amended complaint the quoted words were changed to the simple statement that "the dust was heavy." In paragraph 15 of the original complaint plaintiff alleged that the corporate defendant failed to keep its warning signals "visible"; in the amended complaint she alleged it failed to keep its warning signals "clean."

[2] The corporate defendant moved to dismiss the amended complaint on the grounds that the "ultimate facts" alleged in the amended complaint are identical to those in the original complaint and therefore the court's ruling sustaining the demurrer to the original complaint is *res judicata* as to the amended complaint. This contention ignores the impact of the new Rules of Civil Procedure which became effective on 1 January 1970, and apply to actions pending on that date. 1969 Session Laws, Chap. 803.

At the time Judge Falls sustained the demurrer to the original complaint the applicable law required that a complaint contain a "plain and concise statement of the facts constituting a cause of action." G.S. 1-122(2). Effective 1 January 1970 this was repealed and replaced by G.S. 1A-1, Rule 8(a)(1), which provides that a pleading which sets forth a claim for relief shall contain a "short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or ocurrences, intended to be proved showing that the pleader is entitled to relief." The sufficiency of plaintiff's amended complaint in this

case is to be tested against the standard provided in the new Rules. Therefore, the order sustaining the demurrer to the original complaint for failure to comply with the now repealed requirements of the old statute could not be *res judicata* when considering the question of the sufficiency of the amended complaint under the new Rules.

[3] The amendments which plaintiff made in her complaint were apparently made in an effort to allege "ultimate" facts rather than "evidentiary" facts or conclusions of law. We need not here be concerned with whether she succeeded. One of the objectives sought to be attained by enactment of G.S. 1A-1, Rule 8(a)(1) was to eliminate this sometimes troublesome and often sterile discussion as to whether a particular allegation states an "ultimate" fact or an "evidentiary" fact or conclusion of law. Tested by the standard now provided by Rule 8(a)(1), it is our opinion, and we so hold, that plaintiff's amended complaint does contain a "plain statement of the claim sufficiently particular to give the court and the parties notice of the . . . transactions or occurrences, intended to be proved," showing that she is entitled to relief.

[4, 5] When the corporate defendant undertook to construct the railroad bridge over the public highway on which plaintiff was traveling, the positive legal duty devolved upon it to exercise ordinary care for the safety of the general public traveling over the road on which it was working. *White v. Dickerson, Inc.* 248 N.C. 723, 105 S.E. 2d 51; *Council v. Dickerson's, Inc.,* 233 N.C. 472, 64 S.E. 2d 551. Plaintiff's amended complaint gave ample notice of the occurrences she intended to prove to show a breach of this duty on the part of the corporate defendant and that she is entitled to relief. The judgment dismissing her complaint is

Reversed.

MALLARD, C.J., and HEDRICK, J., concur.