STATE v. ELLIS MARSH.

(Filed 12 December, 1945.)

**1. Criminal Law § 63—**

   Upon conviction and sentence in a criminal action and suspension of execution on condition that defendant be of good behavior and not violate any criminal laws of the State for a certain period, where subsequent evidence, offered before the judge of the Superior Court, supports his findings of fact that defendant had breached the condition, upon which the sentence was suspended, the same is sufficient to support a judgment that the execution of the suspended sentence be placed in immediate effect and the former judgment complied with.

**2. Appeal and Error §§ 37b, 37e—**

   Where findings of fact and judgment entered upon them were matters to be determined in the sound discretion of the court, the exercise of that discretion, in the absence of gross abuse, cannot be reviewed here.

APPEAL by defendant from *Williams, J.,* at August Term, 1945, of COLUMBUS.

Criminal prosecution upon warrant issued out of Recorder's Court of Columbus County on 14 May, 1945, charging defendant with two crim-

inal offenses: (1) Trespass upon the lands of E. M. Walters after being forbidden to do so, G. S., 14-134, and (2) assault upon E. M. Walters.

On trial in said court defendant was convicted, and by judgment was given prison sentence. He appealed to Superior Court, and on trial therein, at June Term, 1945, defendant pleaded guilty to each count.

Thereupon, the court entered judgment that defendant be imprisoned for thirty days on each count and be assigned to work the public highways under direction and supervision of the State Highway and Public Works Commission—the sentences to run consecutively—the latter to begin upon the expiration of the first. But that execution of these sentences are suspended upon the following terms and conditions:

"1. That defendant be of good behavior and not violate any criminal laws of the State of North Carolina and the United States of America for a period of two years.

"2. That the defendant not be seen in the presence of or speak to Mrs. E. M. Walters for a period of one year from this date.

"3. That the defendant pay to the Clerk of the Superior Court of Columbus County on or before the first day of the next term the sum of three thousand dollars to be paid by the said clerk to E. M. Walters in full settlement of any and all claims growing out of the alleged assault or alienation of his wife's affections and that the said E. M. Walters shall execute and deliver to the Clerk of Superior Court before receiving said money a release in full, releasing the said Ellis Marsh from any further liability growing out of any of the matters set out in the complaint in the civil action filed by E. M. Walters against said defendant.

"4. That the defendant pay the cost of this action to be taxed by the Clerk."

Thereafter at August Term, 1945, of said Superior Court, upon motion of the solicitor for issuance of capias and commitment upon the sentences imposed at the June Term, 1945, and suspended upon conditions above quoted, and after hearing evidence, the court found these facts:

(1) That since the imposition of said sentences, defendant has violated the first condition, that is, "that he violated the criminal laws of North Carolina, and has knowingly permitted to be operated, used, kept in the premises occupied by him as a place of business in the city of Whiteville, in said Columbus County, illegal punch-boards as defined by the statutes of this State," "that he has permitted the illegal punch-boards, so kept as aforesaid, to be played or used in said place of business," that he has engaged in selling beer to intoxicated persons and to minors in said place of business, and that he purchased and kept and had in his possession what is referred to in the testimony as "baseball numbers" which were used as gambling devices, and one hundred twenty

illegal punch-boards which did not yield the same return each time used by a customer.

(2) That as to the third condition "no part of said three thousand dollars has been paid to or received by the clerk of the court from said defendant—the defendant contending that the requirement that the payment of aforesaid sum as a condition of the suspension of this judgment and sentence is unconstitutional."

(3) That defendant has not violated the second condition and has complied with fourth condition.

Whereupon the court adjudged and ordered that the conditions upon which execution of said sentence was suspended having been breached and violated by defendant, the execution of said suspended sentence be placed in immediate effect and that capias and commitment issue to the end that the judgment of the court at the June Term, 1945, be complied with as therein written.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*Wm. F. Jones for defendant, appellant.*

WINBORNE, J.  The conclusion reached on the basic question involved is sufficient to sustain the judgment below.  This is the question : Does the evidence offered before the judge of the Superior Court, bearing thereon, support his finding of fact that defendant has breached the first condition upon which the sentence of June Term, 1945, was suspended, by violating the criminal laws pertaining to punch-boards, G. S., 14-302 ?

We are of opinion that it does.

This statute, G. S., 14-302, provides that "It shall be unlawful for any person . . . to operate or keep in his possession, or the possession of any other person, firm, or corporation, for the purpose of being operated, any punch-board . . . that shall not produce for or give to the person operating, playing or patronizing same, whether personally or through another—by paying money or anything of value for the privilege of operating, playing or patronizing the same, whether through himself or another, the same return in market value, each and every time such punch-board . . . is operated, played or patronized by paying of money or other thing of value for the privilege thereof . . ."; and G. S., 14-303, provides that a violation of the provisions of G. S., 14-302, shall be a misdemeanor punishable by fine or imprisonment, or, in the discretion of the court, by both.

Defendant offered evidence on the hearing before the judge tending to show that he has not committed any criminal offense under the above statute, or any other, since the date of the suspended sentence, and that the punch-boards of the character condemned by the statute found in his place of business were those on hand, and which were stored under the counter when he quit operating them prior to the date of the suspended sentence.

On the other hand, there is evidence for the State tending to show that since the date of the suspended sentence not only has defendant had such punch-boards in his possession in his place of business, but that persons therein have been seen operating the boards, and, on one occasion, when the defendant was present. There is also evidence tending to show that on other occasions "the punched out tickets" had been seen on the floor of the defendant's place of business.

In the light of this evidence—sufficient at least for the inference drawn by the judge, we are unable to say that the finding of the judge is an abuse of the discretion vested in him in such matters. See *S. v. Everitt,* 164 N. C., 399, 79 S. E., 274; *S. v. Hardin,* 183 N. C., 815, 112 S. E., 593; *S. v. Pelley,* 221 N. C., 487, 20 S. E. (2d), 850, and many others of like import.

In the *Pelley case, supra, Denny, J.,* speaking to the subject for the Court, recently said: "These findings of fact and the judgment entered upon them were matters to be determined in the sound discretion of the court and the exercise of that discretion, in the absence of gross abuse, cannot be reviewed here."

Hence, it is unnecessary to consider any other finding of fact pertaining to a violation of the criminal law.

Moreover, as the record fails to show that the court passed upon the constitutional question raised by defendant with respect to the third condition upon which the sentence was suspended, that question will not be, and is not considered on this appeal.

The judgment below is

Affirmed.