STATE v. CLAUDE SULLIVAN.

(Filed 24 September, 1947.)

1. **Criminal Law § 62f—Evidence held insufficient to support finding that defendant had violated conditions of judgment.**

   Execution of the sentence of a minor was suspended upon condition that he be committed to a State training school, obey its rules and regulations, and remain of good behavior without attempting to escape from the institution. The minor twice returned home, having been taken back to the school once by his father. There was evidence that each time he returned to his home he was sick mentally and physically. There was no evidence

of any representation or statement or action of any kind on the part of the officials of the school other than a letter describing his mental and physical condition as showing apathy. *Held:* The evidence is insufficient to support the findings of the court that defendant had violated the conditions of the judgment, and upon defendant's appeal from the order of the court committing him to the State's Prison, the case is remanded.

**2. Same—**

Upon motion by the solicitor for execution of a suspended sentence, the burden is on the State to offer affirmative evidence of violation of the conditions of the judgment.

APPEAL by defendant from *Gwyn, J.,* at February Term, 1947, of BUNCOMBE. Error and remanded.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*
*Don C. Young for defendant.*

DEVIN, J. Claude Sullivan, aged sixteen years, was charged. with breaking and entering a store in Asheville, and at December Term, 1945, pleaded *nolo contendere.* The presiding judge sentenced him to State's Prison for not less than one nor more than two years, with the following added provision: "Capias and commitment to the foregoing sentence shall not issue for term of 3 years if the defendant is committed to the Eastern Carolina Training School for Boys, and shall remain of good behavior without attempt to escape therefrom and obedient to the rules and regulations of said institution until such time as he shall be discharged according to law. Upon violation of the rules and regulations of the institution or escape from the institution, capias to issue immediately for the defendant and the above sentence to go into effect."

The defendant thereafter was arrested by the police in Asheville 11 December, 1946, and at February Term, 1947, the presiding judge, on the solicitor's motion for commitment, found that after defendant entered the Training School pursuant to the original judgment he escaped and left without permission; that he was returned to the Training School and remained six weeks, and again escaped without permission. Thereupon the court found that defendant had violated the conditions of the judgment, allowed the solicitor's motion, and ordered defendant committed to State's Prison. The defendant excepted and appealed.

Passing the questions raised by the defendant's objections to the form and legal effect of the original judgment, we think the evidence presented to the judge below, on the solicitor's motion, was insufficient to support the finding and judgment appealed from. It appeared that after the original judgment was entered at December Term, 1945, the defend-

ant remained in jail until 13 February, 1946, before he was taken to the Training School; that after about a month and a half he returned to his father's home in Asheville complaining of being sick and lack of medicine with which he had previously been treated. Subsequently his father took him back to the Training School where he remained about six weeks and again returned to his home. He was then sick and was put under care of a physician but was well enough to attend West Buncombe High School for the remainder of the Spring Term and the Fall Term, 1946. In December, 1946, he was taken into custody by the police and held to bail until the February Term, 1947, of the Superior Court, and then ordered committed to State's Prison.

The physician under whose care he had been for the past two years wrote that he was suffering from chronic gall bladder infection and a very serious "nervous disorder," that he had been diagnosed as "mentally sick," and that he was "suffering from vitamin deficiency which has caused severe case of neuritis." A letter from his teacher at the Training School written in April, 1946, described his mental and physical condition as showing apathy, but that he indicated no improper attitude toward the institution. There was no evidence of any representation or statement or action of any kind from the officials of the Training School other than the letter above referred to. The only witness offered by the State was the defendant's father.

The record seems to be lacking in evidence of the material facts found by the judge below, that he had left the Training School without permission, or had escaped, or that he had not been obedient to the rules and regulations of the institution, or that he had not been of good behavior. The burden was on the State to offer affirmative evidence of violation of the conditions of the judgment.

There was error in ordering the defendant committed to State's Prison on the evidence presented, and the case is remanded for such disposition by the court as the facts may warrant.

Error and remanded.