### STATE v. JAMES JOHNSON.

(Filed 19 October, 1949.)

**1. Parent and Child § 16: Criminal Law § 62f—**

Upon conviction of abandonment, the suspension of judgment upon conditions for the support and maintenance of the minor child is expressly authorized by statute. G.S. 14-324.

**2. Criminal Law § 62f—**

Upon the hearing of whether suspension of judgment should be revoked and the judgment enforced for condition broken, the court is the sole judge of the credibility of the witnesses and the weight of their testimony, and therefore when the State introduces evidence tending to show that defendant willfully violated the conditions of suspension, the court may properly find such fact from the evidence and revoke the suspension of the judgment.

**3. Criminal Law § 63—**

In a prosecution of defendant for abandonment of his minor child, a recommendation in a judgment that if defendant be of good conduct while incarcerated, he be paroled after serving one-fourth of his time on condition that he maintain and support his wife and minor child, is not subject to objection by defendant on the ground that his wife was also included in the condition of the recommended parole, since the recommendation is merely precatory and constitutes no part of the sentence, and further, even if such parole should thereafter be tendered, defendant would be at liberty to reject it.

**4. Criminal Law § 73c—**

Where, upon the disagreement of the parties, the trial judge settles the case on appeal from order revoking suspension of judgment, defendant may not complain of the insertion therein of testimony presented at the hearing. G.S. 1-283.

APPEAL by defendant from *Rousseau, J.,* at the February Term, 1949, of CATAWBA.

At the November Term, 1947, of the Superior Court of Catawba County, the defendant, James Johnson, pleaded *nolo contendere* to the charge of willfully abandoning his child, then aged three weeks, without providing an adequate support for such child contrary to G.S. 14-322.

The court entered judgment sentencing the defendant to confinement in the "common jail of Catawba County for twelve months to be assigned to work under the supervision of the State Highway and Public Works Commission," but suspended or stayed the execution of the sentence during a period of five years upon the express condition that the defendant "support and maintain his minor child, and to that end pay into the office of the Clerk Superior Court for the use and benefit of his minor

child the sum of $10.00 per week." The defendant did not object to this order, which contained this additional recitation and provision: "With consent of defendant this cause is retained to the end that the amount herein specified may be increased or decreased according to the reasonable ability of the defendant to earn." The defendant was thereupon released from custody.

The State subsequently charged that the defendant had breached the condition specified in the orders suspending or staying the execution of the sentence by failing to make the stipulated payments for the support of his child, and prayed the court to revoke the suspension or stay, and enforce the judgment. Defendant was brought before the court upon a capias at the February Term, 1949, of the Superior Court of Catawba County, and given notice and an opportunity to be heard as to whether or not he had violated the condition of the suspension or stay of execution of the original judgment. A hearing of the matter was held in open court before the presiding judge, and the defendant was represented thereon by counsel.

The State offered evidence indicating that the defendant had failed to make the payments required by the order; that he had made no application to the court at any time for a decrease in the amount of the stipulated payments on account of any inability on his part to meet them; that in fact "from shortly after he was tried in 1947, until the February Term, 1949, he was out of Catawba County and his whereabouts were unknown to the officers of said county"; and that he had admitted "that he was able to work until the summer of 1948." The defendant conceded that he had paid only $65.00 towards the support of his child since his trial in November, 1947. He testified: "The reason I have not kept up the payments is due to sickness and short time. My average weekly wage during the time has been not over $11.00 or $12.00. Since this judgment was entered I have made barely enough to support myself and have had to borrow money from my uncle to pay doctors and buy medicine." The defendant "admitted to the court that he had no evidence except his own that he had been sick and unable to work."

After hearing the testimony of both the State and the defendant, the presiding judge found as a fact that the defendant had willfully breached the condition requiring him to support his minor child, and entered this order: "It is the judgment of the court that commitment issue to put sentence heretofore imposed into execution, with the recommendation of this court that if the defendant be of good conduct while incarcerated that he be paroled after serving one-fourth of his time and paroled on the specific conditions that he maintain and support his wife and minor child." Defendant excepted and appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Rhodes, and John R. Jordan, Jr., Member of Staff, for the State.*
*Louis A. Whitener for the defendant, appellant.*

ERVIN, J.   The original judgment and the order suspending or staying its execution on the condition specified find express statutory authorization in G.S. 14-324 which prescribes that "upon any conviction for abandonment, any judge or any recorder having jurisdiction may, in his discretion, make such order as in his judgment will best provide for the support, as far as may be necessary, of the deserted wife or children or both, from the property or labor of the defendant."

The defendant concedes this.   He confines his attack to the order entered at the February Term, 1949, revoking the suspension or stay of execution of the original sentence and ordering such sentence to be enforced by his commitment.   He advances this argument to invalidate this order:  (1) That the court had power to revoke the suspension or stay of execution and enforce the original judgment only for a willful breach of the condition specified in the original order; (2) that the entire evidence at the hearing demonstrated that the defendant's failure to perform the specified condition was not occasioned by willfulness on his part, but arose out of his physical and financial inability to comply; and (3) that by reason of these matters the court erred in adjudging the breach to be willful and in revoking the suspension or stay of execution of the original judgment and in ordering such judgment to be enforced.

The defendant's position is untenable for his minor premise, *i.e.,* that the entire evidence at the hearing disclosed that his breach of the condition was not willful, lacks validity.

The evidence produced by the State at the hearing was sufficient to show that the defendant possessed complete capacity to support his child according to the terms prescribed by the court from the time of the entry of the original order in November, 1947, down to the summer of 1948, and sustained the finding that the defendant's violation of the specified condition was willful in character.   Since the court was the sole judge of the credibility of the witnesses and of the weight of their testimony, this finding supports the order entered at the February Term, 1949, and renders it unnecessary for us to express any opinion as to the validity of the defendant's major premise, *i.e.,* that when a court pronounces a sentence in a criminal action and suspends or stays its execution on a specified condition, it cannot subsequently revoke the suspension or stay and enforce the sentence for a breach of the condition on the part of the defendant unless such breach be willful.

The defendant complains of the suggestion incorporated in the order by the presiding judge "that if the defendant be of good conduct while

incarcerated that he be paroled after serving one-fourth of his time and paroled on the specific conditions that he maintain and support his wife and minor child." The basis of the objection is that this placed an additional burden on appellant as he was not convicted of abandonment of his wife. The defendant should suffer no disquietude on this score. The language quoted constitutes no part of the order in controversy. It is a mere precatory recommendation to the Governor that the defendant be offered a conditional parole at a future time upon the happening of an uncertain event. Even if such a parole should hereafter be tendered, the defendant would be at liberty to reject it.

The Solicitor and the defendant could not agree upon a case on appeal, and it was settled by the judge pursuant to G.S. 1-283. The complaint of defendant that the judge inserted therein testimony presented at the hearing is without merit. *S. v. Gooch,* 94 N.C. 982.

The judgment revoking the suspension or stay of execution and enforcing the original sentence is

Affirmed.