STATE v. WILLIAM BARRETT.

(Filed 21 March, 1956.)

**1. Criminal Law § 11—**

The violation of a municipal ordinance is a misdemeanor. G.S. 14-4.

**2. Criminal Law § 62f—**

The violation of a municipal ordinance is a violation of a condition of a suspended judgment that defendant violate no penal law of the State.

**3. Same—**

Whether a defendant has wilfully violated the conditions upon which sentence of imprisonment was suspended is for the determination of the court.

**4. Same—**

> Evidence sufficient to sustain the findings of the court that defendant had wilfully violated conditions upon which execution of sentence of imprisonment had been suspended supports the court's order revoking probation and activating the sentence, rendering immaterial whether there was sufficient competent evidence to support the finding that defendant had violated a third condition.

APPEAL by defendant from *Bundy, J.*, December Term 1955, PITT.

Criminal prosecution on an indictment charging the defendant with the unlawful possession of alcoholic beverages upon which the taxes imposed by the laws of Congress of the United States and by the laws of this State had not been paid, a violation of G.S. 18-48, heard on a motion to put into effect a suspended sentence.

At the September Term 1955 of Pitt County Superior Court the defendant was convicted by a jury on the charge set forth in the above indictment. Judge Bundy, presiding at said term, pronounced judgment of imprisonment for a term of 12 months, which was suspended, and the defendant was placed on probation for a term of 3 years, on certain conditions specified in the judgment.

At the December Term 1955 of said court the defendant was brought before the court upon a report of the probation officer that he had violated the conditions upon which sentence of imprisonment was suspended. Judge Bundy heard evidence for the State and the defendant, and found as facts that the defendant had violated the condition of the probation and suspended sentence that he violate no penal law of the State, in that on 3 October 1955 he had been convicted in the Municipal Recorder's Court of the City of Greenville of conducting an unauthorized dance in violation of Section 8, Ch. 15, of the city code of Greenville; that during the period of probation he had violated the condition of the suspended sentence that he avoid persons or places of disreputable or harmful character by maintaining and operating a place of business where drunken persons congregated at all hours of the day and night, and from which drunken persons have been removed, arrested and convicted for public drunkenness; and that he had violated the condition of the suspended sentence to work faithfully at suitable employment as far as possible. Whereupon Judge Bundy ordered that the suspended sentence and probation be revoked, and the 12 months road sentence be put into effect.

The defendant excepted to the Judge's findings of fact and to the order of revocation, and petitioned this Court for a Writ of *Certiorari*, which we allowed.

STATE v. TAYLOR.

*William B. Rodman, Jr., Attorney General, and Claude L. Love, Assistant Attorney General, for the State.*

*Albion Dunn for Defendant, Appellant.*

PER CURIAM. The violation of the ordinance of the City of Greenville is a violation of a penal law of the State of North Carolina, because G.S. 14-4 provides that "if any person shall violate an ordinance of a city or town, he shall be guilty of a misdemeanor." *Board of Education v. Henderson,* 126 N.C. 689, 36 S.E. 158; *S. v. Taylor,* 133 N.C. 755, 46 S.E. 5; *S. v. Wilkes,* 233 N.C. 645, 65 S.E. 2d 129.

The validity of Judge Bundy's judgment suspending execution of the sentence of imprisonment on certain conditions is not challenged on appeal. *S. v. Johnson,* 226 N.C. 266, 37 S.E. 2d 678; *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143.

Whether the defendant had wilfully violated the conditions upon which the sentence of imprisonment was suspended presents questions of fact for the judge, and not issues of fact for a jury. *S. v. Johnson,* 169 N.C. 311, 84 S.E. 767; *S. v. Hardin,* 183 N.C. 815, 112 S.E. 593; *S. v. Millner,* 240 N.C. 602, 83 S.E. 2d 546.

A reading of the record shows that there was sufficient competent evidence before Judge Bundy to support his findings of fact that the defendant during the period of probation had wilfully violated a penal law of this State, and had wilfully failed to avoid persons or places of disreputable or harmful character, both conditions to be observed by the defendant to avoid serving the sentence of imprisonment. Such findings are sufficient to support the Judge's order revoking probation, and activating the sentence of imprisonment. That being true, it is immaterial whether there is sufficient competent evidence to support the finding that the defendant had failed to work faithfully at suitable employment, as far as possible.

Affirmed.