## STATE v. EDNA SHUFORD DAVIS.

(Filed 11 April, 1956.)

**1. Criminal Law § 73e: Appeal and Error § 28—**

Defendant is entitled to a hearing on the record proper even in the absence of case on appeal.

**2. Criminal Law § 81h—**

Where, upon hearing *de novo* on appeal to the Superior Court from an order activating a suspended sentence, the Superior Court fails to find wherein the defendant had violated the conditions of suspension, defendant is entitled to have the cause remanded for a specific finding in regard thereto, since only by such finding may defendant test the validity of the condition for violation of which the suspended execution was activated.

**3. Criminal Law § 62f—**

The violation of condition of suspended execution that defendant not permit people to congregate or remain at her home after the hours of darkness does not justify putting the sentence into effect in the absence of a finding, supported by evidence, that defendant allowed people to congregate and remain in her home after the hours of darkness with such frequence and in such numbers as to raise an inference that she was violating the law in some respect.

**4. Criminal Law § 81h: Appeal and Error § 49—**

Where the findings of fact are insufficient to support the judgment, the cause will be remanded.

DEVIN, J., took no part in the consideration or decision of this case.

STATE v. DAVIS.

APPEAL by defendant from *Rudisill, J.,* November Term, 1955, of CATAWBA.

The defendant was arrested and tried on two warrants in the Municipal Court of the City of Hickory on 27 May, 1955. One warrant charged the defendant with telling fortunes without a license, and the other with abetting prostitution. The defendant entered a plea of *nolo contendere* to both charges.

The cases were consolidated for judgment and a sentence of two years imposed but suspended for three years upon the following conditions: (1) That the defendant not violate any law of the State of North Carolina; (2) that she not permit or allow people to congregate or remain at her home after the hours of darkness; and (3) that she pay the costs in each case and pay a fine of $600.00. The fine and costs were paid.

On 11 November, 1955, the judge of the Municipal Court of the City of Hickory found that the defendant had violated the second condition of the suspended sentence and ordered the sentence into effect. The defendant appealed to the Superior Court of Catawba County where the matter was heard *de novo.* The State offered evidence. The defendant offered no evidence. The order of the court is in the following language: "The Court finds by the evidence that the defendant (Edna Shuford Davis) has violated the terms and conditions of the judgment in Hickory Municipal Court entered on May 27, 1955 and directs that capias and commitment issue to put the prison sentence into effect."

From the foregoing order the defendant appeals, assigning error.

*Attorney-General Rodman and Assistant Attorney-General McGalliard for the State.*

*Deal, Hutchins & Minor for defendant.*

DENNY, J. No case on appeal setting out the evidence introduced in the hearing below was served within the time allowed by the court. However, it is our understanding that the attorneys for the defendant are not responsible for the failure to serve a case on appeal. Even so, the defendant is entitled to a hearing on the record proper. *Bell v. Nivens,* 225 N.C. 35, 33 S.E. 2d 66; *Lawrence v. Lawrence,* 226 N.C. 221, 37 S.E. 2d 496; *Hall v. Robinson,* 228 N.C. 44, 44 S.E. 2d 345; *S. v. Williams,* 235 N.C. 429, 70 S.E. 2d 1; *Little v. Sheets,* 239 N.C. 430, 80 S.E. 2d 44.

The record discloses that the judge of the Municipal Court of the City of Hickory found that the defendant had violated the second condition of the suspended sentence. But, when the defendant appealed to the Superior Court, the matter was heard *de novo,* G.S. 15-200.1,

and the court did not find wherein the defendant had violated the conditions upon which the judgment was suspended.

Ordinarily, in hearings of this character, the findings of fact and the judgment entered thereupon are matters to be determined in the sound discretion of the court, and the exercise of that discretion in the absence of gross abuse cannot be reviewed here. *S. v. Marsh*, 225 N.C. 648, 36 S.E. 2d 244; *S. v. Pelley*, 221 N.C. 487, 20 S.E. 2d 850; *S. v. Greer*, 173 N.C. 759, 92 S.E. 147; *S. v. Everitt*, 164 N.C. 399, 79 S.E. 274, 47 L.R.A. (N.S.) 848. But, where the finding of the court does not state wherein a defendant has violated the conditions and there is a question as to the validity of one or more of the conditions imposed, the defendant is entitled to have the cause remanded for a specific finding as to wherein he has violated the conditions upon which the sentence was suspended. It is only by such a finding that a defendant may be able to test the validity of a condition he believes to be illegal and void in the event the purported violation is based on such condition.

In the absence of some unusual or peculiar circumstance, it is not unlawful or unreasonable to allow people to congregate or remain in one's home after the hours of darkness. Therefore, in our opinion, a finding that the defendant had violated the second condition in the judgment suspending the sentence, would not be sufficient to justify putting the prison sentence into effect unless it was shown by the evidence or found as a fact that the defendant allowed people to congregate or remain in her home with such frequency and in such numbers as to raise an inference that she was engaged in fortune telling or aiding in prostitution, or violating the law in some other respect.

We think the ends of justice require that this cause be remanded for further hearing in accord with the views expressed herein. Let the judgment entered below be vacated but the cause retained for further hearing.

Remanded.

DEVIN, J., took no part in the consideration or decision of this case.