## STATE v. DOROTHY ROBINSON

(Filed 30 April, 1958.)

**1. Criminal Law § 136—**

A defendant has the right to appeal from a domestic relations court to the superior court from a judgment putting a suspended sentence into effect, and upon such appeal the matter should be heard *de novo*, but solely upon the question of whether there has been a violation of the terms of suspension. G.S. 15-200.1.

**2. Bastards § 9: Criminal Law § 135—**

A domestic relations court has authority, upon conviction of a defendant for wilful refusal to support her illegitimate child to suspend sentence upon condition that defendant pay a stipulated sum per week into court for the support of the child. G.S. 49-7, G.S. 49-8.

**3. Criminal Law § 136—**

Whether defendant has violated conditions of suspension of sentence is not an issue of fact for the jury but is a question of fact for the judge to be determined in the exercise of his sound discretion.

**4. Same—**

In order for the judge to put into effect a suspended sentence, it is not required that violation of the terms of suspension be proven beyond a reasonable doubt but only that the evidence be such as to reasonably satisfy the judge, in the exercise of his sound discretion, that defendant had violated a condition of suspension without lawful excuse, the credibility of the witnesses and the evaluation and the weight of their testimony being for the judge.

**5. Appeal and Error § 46: Criminal Law § 167—**

While the findings of fact and judgment upon the hearing of whether a suspended sentence should be put into effect are to be determined in the sound discretion of the court, and the exercise of such discretion is not reviewable in the absence of gross abuse, the exercise of such discretion implies conscientious judgment and not arbitrary action.

**6. Criminal Law § 136—**

The court need not find that defendant's violation of a condition of suspension of execution was wilful, all that is required being that the court find that defendant had violated a valid condition of suspension and that such violation was without lawful excuse, but when the court fails to find specific facts supporting the conclusion that the violation was without lawful excuse, there is insufficient predicate for the order putting the suspended sentence into effect.

**7. Criminal Law § 169—**

When the findings of fact of the court are insufficient to support its order putting into effect a suspended sentence, the cause must be remanded for specific findings.

APPEAL by defendant from *Johnston, J.*, 23 September 1957 Criminal Term of GUILFORD, High Point Division.

From a judgment putting into effect a suspended sentence the defendant appeals.

*George B. Patton, Attorney General, and Harry W. McGalliard, Assistant Attorney General, for the State.*
*Morgan, Byerly & Post for Defendant, Appellant.*

PARKER, J.  On 17 August 1954 the defendant, Dorothy Robinson, pleaded Guilty in the Domestic Relations Court to a warrant charging her on 9 August 1953 with wilfully neglecting and refusing to support and maintain her bastard child, Juanita Robinson, age 10 years, a violation of G.S. 49-2. The judgment of the court was that the defendant be committed to the common jail of Guilford County for a term of six months, and the jail sentence was ordered suspended for a period of five years upon the condition, among others, that the defendant pay into court the sum of six dollars per week, beginning on 23 August 1954, for the support and maintenance of her bastard child, Juanita Robinson.

On 22 February 1955, on 23 August 1955, on 20 September 1955, on 6 December 1955 and on 10 January 1956 the defendant was brought before the Domestic Relations Court for failure to make the payments of six dollars a week for the support of her daughter, Juanita Robinson, and each time she was in arrears in such payments, but the jail sentence was not put into effect.

On 23 July 1957 the defendant was again brought before the Domestic Relations Court on a *capias*. After hearing the evidence the court found that the defendant had paid into court only $95.00 since 10 January 1956 for the support of her daughter, Juanita Robinson, and was now $379.00 in arrears, and that such failure to make the weekly payments was wilful and intentional. Upon such findings of fact the court put into effect the six months jail sentence. The defendant appealed to the Superior Court.

At the hearing in the Superior Court the State offered evidence to this effect: On 23 July 1957 the defendant was in arrears in her weekly payments for the support of her daughter, Juanita Robinson, in the amount of $379.00. Juanita Robinson has lived for years with her ma-

ternal grandmother, Susie Robinson. Dorothy Robinson does not stay with her mother, but lives in a home of her own. The money paid by the defendant into the Domestic Relations Court was given to Susie Robinson for the support of Juanita Robinson. Susie Robinson had to support Juanita Robinson out of her own money. Susie Robinson testified: "I do not know whether she (Dorothy Robinson) has been working regularly since January 1956. I think she has been paying me about what she could . . . I lost my husband May 17, and he was supporting me and her."

At the close of the State's evidence, the trial judge stated the failure of the defendant to comply with the condition of the suspended sentence to make the weekly payments for the support of Juanita Robinson constituted a violation of the condition to make such weekly payments, whether such failure was wilful or not wilful. Whereupon, the defendant offered no evidence. The defendant then requested the court to find as a fact that the failure of defendant to make the weekly payments of six dollars per week was not wilful. The court refused the request, stating that it would make no finding as to whether the failure to make the weekly payments was wilful or not wilful. The defendant excepted.

Judge Johnston's judgment, after finding the facts as to the defendant's plea of guilty to the warrant, and the judgment entered upon such plea, and that thereafter she was before the Domestic Relations Court on several occasions, and that on 23 July 1957 the Domestic Relations Court made the findings and activated the jail sentence, which are set forth above, contains this recital: "This Court further finds as a fact that the defendant has violated the terms of this suspended sentence, and has not made the weekly payments as provided, and on July 23, 1957 was in arrears in the sum of $379.00 under the terms of said judgment." Whereupon, Judge Johnston put the six months jail sentence into effect.

Defendant has two assignments of error. One, the court erred in refusing defendant's requested finding of fact that defendant's failure to make the weekly payments of six dollars was not wilful, and in stating that her failure to make such payments constituted a violation of the condition upon which the jail sentence was suspended, whether wilful or not wilful. Two, an exception to the judgment.

G.S. 15-200.1 gave the defendant the right to appeal to the Superior Court from the judgment of the Domestic Relations Court putting the six months jail sentence into effect, and provides that upon such appeal the matter shall be heard *de novo*, but only upon the question of whether or not there has been a violation of the terms of the suspended sentence. *S. v. Davis*, 243 N.C. 754, 92 S.E. 2d 177.

Defendant states in her brief she "does not challenge the original

Judgment entered by the Domestic Relations Court of Guilford County suspending sentence upon the conditions specified." The Domestic Relations Court had express statutory authority to suspend the jail sentence upon the express condition that the defendant pay six dollars a week into court for the support of her bastard child, Juanita Robinson. G.S. 49-7 and G.S. 49-8; *S. v. Bowser,* 232 N.C. 414, 61 S.E. 2d 98.

Whether the defendant has violated the condition to make weekly payments for the support of her child, Juanita Robinson, upon which the sentence of imprisonment was suspended, presents a question of fact for the judge, and not an issue of fact for a jury. *S. v. Barrett,* 243 N.C. 686, 91 S.E. 2d 917; *S. v. Everitt,* 164 N.C. 399, 79 S.E. 274.

In the instant case the burden of proof is on the State to show by evidence that the defendant has violated the condition of the judgment to make weekly payments of six dollars for the support of her daughter, Juanita Robinson. *S. v. Sullivan,* 227 N.C. 680, 44 S.E. 2d 81. Where a judgment was suspended, and the defendant was required to appear at each criminal term for the next two years, and show that he has demeaned himself as a good law-abiding citizen, this Court has said the defendant "assumed the obligation of showing, to the satisfaction of the court, from time to time," a compliance with the judgment. *S. v. Everitt, supra.*

Where a sentence in a criminal case is suspended upon certain valid conditions expressed in the sentence imposed, the prisoner has a right to rely upon such conditions, and so long as he complies therewith the suspension should stand. In such a case he carries the keys to his freedom in his willingness to comply with the court's sentence.

When a judgment is suspended in a criminal action on certain valid conditions, the proceeding to determine whether a condition has been violated, ordinarily, is a matter to be determined by the sound discretion of the judge. *S. v. Everitt, supra; S. v. Greer,* 173 N.C. 759, 92 S.E. 147; *S. v. Pelley,* 221 N.C. 487, 20 S.E. 2d 850; *S v. Love,* 236 N.C. 344, 72 S.E. 2d 737; *S. v. Davis, supra.*

The alleged violation by the defendant of a valid condition upon which a sentence in a criminal case was suspended need not be proven beyond a reasonable doubt. *Manning v. U. S.,* 5 Cir., 161 F. 2d 827; *Slayton v. Com.,* 185 Va. 357, 38 S.E. 2d 479; *Murphy v. Lawhon, Sheriff,* 213 Miss. 513, 57 So. 2d 154; *Blaylock v. State,* 88 Ga. App. 880, 78 S.E. 2d 537; *Bryant v. State,* 89 Ga. App. 891, 81 S.E. 2d 556; *People v. Kuduk,* 320 Ill. App. 610, 51 N.E. 2d 997, 1000; *People v. London,* 28 Cal. App. 2d 395, 82 P. 2d 619, 620; *People v. Sweeden,* 116 Cal. App. 2d 891, 254 P. 2d 899; *McLemore v. State,* 170 Miss. 641, 155 So. 415, 416.

All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant

has violated a valid condition upon which the sentence was suspended. *S. v. Everitt, supra; S. v. Pelley, supra; S. v. Marsh,* 225 N.C. 648, 36 S.E. 2d 244; *S. v. Davis, supra; Manning v. U. S., supra; Slayton v. Com., supra; Murphy v. Lawhon, Sheriff, supra; Pritchett v. U. S.,* 4 Cir., 67 F. 2d 244; *Neeley v. U. S.,* 5 Cir., 151 F. 2d 533; *Spears v. State,* 194 Ark. 836, 109 S.W. 2d 926.

In determining whether the evidence warrants the revocation of a suspended sentence, the credibility of the witnesses and the evaluation and weight of their testimony, are for the judge. *S. v. Johnson,* 230 N.C. 743, 55 S.E. 2d 690; *S. v. Marsh, supra; Slayton v. Com., supra; Pritchett v. U. S., supra; Calloway v. State,* 201 Ark. 542, 145 S.W. 2d 353.

This Court said in *S. v. Davis, supra,* speaking of a hearing as to whether a suspended sentence should be put into effect: "Ordinarily, in hearings of this character, the findings of fact and the judgment entered thereupon are matters to be determined in the sound discretion of the court, and the exercise of that discretion in the absence of gross abuse cannot be reviewed here."

In *Burns v. U. S.,* 287 U. S. 216, 77 L. ed. 266, in affirming an order revoking probation, Chief Justice Hughes said for the Court: "The question is simply whether there has been an abuse of discretion and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. *The Styria v. Morgan,* 186 U. S. 1, 9, 46 L. ed. 1027, 1033, 22 S. Ct. 731. It takes account of the law and the particular circumstances of the case and 'is directed by the reason and conscience of the judge to a just result.' *Langnes v. Green,* 282 U. S. 531, 541, 75 L. ed. 520, 526, 51 S. Ct. 243. While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice."

In the case of *Ex parte Alvarez,* 50 Fla. 24, 39 So. 481, 111 Am. St. Rep. 102, 7 Ann. Cas. 88, the Court held that if the violation of, or non compliance with the condition or conditions of the pardon be shown to the satisfaction of the court without any legal reason or excuse therefor, the convict shall be remanded to custody and ordered to have the original sentence imposed upon him duly executed, or so much thereof as has not been already served by him. A like opinion was expressed in *Ex parte Ridley,* 3 Okl. Cr. 350, 106 P. 549, 26 L.R.A., N.S., 110. See *S. v. Wolfer,* 53 Minn. 135, 54 N.W. 1065.

In *Rex v. Aickles,* 1 Leach C. C. 390, 168 English Reports, Full Reprint, 297, the defendant was convicted of simple grand larceny, and received judgment of transportation to America for seven years. He afterwards received his Majesty's pardon "on condition of transporting himself beyond the seas for the same term of years, within fourteen

days from the date of his discharge." The case states: "But on farther evidence, it appeared that the prisoner had, at the time of his discharge, a real intention to quit the kingdom within the time, but that he had been prevented from carrying it into execution by the distress of poverty and ill health; and the Court being of opinion, That these impediments, if true, amounted to a lawful excuse, the Jury found a verdict, Not Guilty."

In *S. v. Johnson, supra,* which was an appeal from a judgment revoking a suspension or stay of execution and enforcing the original sentence, the Court stated it was unnecessary for the Court to express an opinion as to whether when a court pronounces a sentence in a criminal action and suspends or stays its execution on a specified condition, it cannot subsequently revoke the suspension or stay and enforce the sentence for a breach of the condition on the part of the defendant unless such breach be wilful, because the evidence produced by the State at the hearing was sufficient to show that the defendant possessed complete capacity to support his child according to the terms prescribed by the court from the time of the entry of the original order in November 1947, down to the summer of 1948, and sustained the finding that the defendant's violation of the specified condition was wilful in character.

After a diligent search we have found no case, and counsel in the case have referred us to none, which holds that a court cannot revoke a suspension of sentence in a criminal case, and enforce the sentence for a breach of the condition on the part of the defendant unless such breach is wilful. Based upon the reasoning and language of the cases we have cited above, it is our opinion that all that is required to revoke a suspension of a sentence in a criminal case, and to put the sentence into effect is that the evidence shall satisfy the judge in the exercise of his sound discretion that the defendant has violated, without lawful excuse, a valid condition upon which the sentence was suspended and that the judge's findings of fact in the exercise of his sound discretion are to that effect.

The exception to the judgment challenges the sufficiency of the findings of fact by the judge to support his judgment putting the six months jail sentence into effect. *Bailey v. Bailey,* 243 N.C. 412, 90 S.E. 2d 696; *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53.

The mere finding of fact by the judge "that the defendant has violated the terms of this suspended sentence, and has not made the weekly payments as provided, and on July 23, 1957 was in arrears in the sum of $379.00 under the terms of said judgment" is insufficient to support the judgment putting the six months jail sentence into effect.

It is ordered that the judgment putting the six months jail sentence into effect be vacated, and this proceeding is remanded for further hear-

ing for the judge, in the exercise of his sound discretion, to determine as to whether or not the failure of the defendant to make the weekly payments for the support of her daughter, Juanita Robinson, was without lawful excuse. The judge's findings of fact should be definite, and not mere conclusions. *S. v. Davis, supra.*

Remanded.