STATE OF NORTH CAROLINA v. GUY SAMUEL JONES

No. 7028SC482

(Filed 18 November 1970)

Parent and Child § 9; Husband and Wife § 23; Criminal Law § 143— nonsupport prosecution — revocation of suspended sentence — findings of fact

    In revoking a suspended sentence imposed in a nonsupport prosecution, the trial court was required to make specific findings of fact that the defendant's failure to make support payments to his family in compliance with the conditions of suspension was either wilful or without lawful excuse; a mere finding that the defendant "failed to make the support payments ordered in said judgment" was insufficient.

APPEAL by defendant from *Hasty, J.,* 6 April 1970 Session, BUNCOMBE County Superior Court.

Defendant was arrested as a result of an *Instanter Capias* for failure to comply with the terms of a judgment dated January 3, 1967. This judgment had been entered after a plea of guilty to a charge of wilful failure to provide adequate support for defendant's wife and three minor children. Defendant was sentenced to two years, suspended for five years upon condition that he pay into the clerk's office the sum of $200.00 per month for the use of his wife and children, that he be of general good behavior, and that he not use any intoxicating beverages or have any in his possession. Defendant had previously

been in court for failure to comply and had made up payments in arrears in May 1969.

A hearing was held on April 6, 1970 on the basis of the *Instanter Capias*. After the presentation of evidence by the defendant, which tended to show that the defendant was physically unable to work and was an habitual alcoholic, the trial judge found as a fact that "the defendant failed to make the support payments ordered in said judgment." The trial judge then made the following conclusion and order:

> "It is ADJUDGED that defendant has breached a valid condition upon which the execution of said sentence was suspended, and it is ORDERED that such suspension be revoked and that said defendant be imprisoned:
>
> For the term of six (6) months. . . ."

From this judgment and order of confinement, defendant appeals to this Court.

*Attorney General Robert Morgan by Staff Attorney L. Philip Covington for the State.*

*Gudger, Erwin & Crow by S. J. Crow for defendant appellant.*

CAMPBELL, Judge.

Defendant makes two assignments of error: (1) That the procedure by which the defendant was brought before the court on the issuance of an *instanter capias* by the Deputy Clerk of the Superior Court was improper; and (2) That the findings of fact were insufficient to support the order of the court revoking the original judgment suspending sentence and imposing imprisonment for six months. As it is not necessary for a determination of this appeal, we will not discuss the first assignment of error.

Defendant argues that the trial court was required to make specific findings of fact as to whether the conduct of the defendant was either wilful or without lawful excuse. In fact, the only finding by the trial court was that "the defendant failed to make support payments ordered in said judgment."

In *State v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376 (1958), the Court said the following:

"After a diligent search we have found no case, and counsel in the case have referred us to none, which holds that a court cannot revoke a suspension of sentence in a criminal case, and enforce the sentence for a breach of the condition on the part of the defendant unless such breach is wilful. Based upon the reasoning and language of the cases we have cited above, it is our opinion that all that is required to revoke a suspension of a sentence in a criminal case, and to put the sentence into effect is that the evidence shall satisfy the judge in the exercise of his sound discretion that the defendant has violated, without lawful excuse, a valid condition upon which the sentence was suspended and that the judge's findings of fact in the exercise of his sound discretion are to that effect."

However, the Court went on to hold that, as a prerequisite to revocation of the suspended sentence, the trial judge must make a determination of whether the failure to make the support payments was *without lawful excuse*. This was not done in the present case, therefore, the judgment putting the six months' jail sentence into effect must be vacated and this proceeding is remanded for a determination by the trial judge as to whether or not the failure of defendant to make the monthly payments for the support of his wife and children was without lawful excuse. The judge's findings of fact should be definite, and not mere conclusions. *State v. Robinson, supra.*

Remanded.

Judges BRITT and VAUGHN concur.