State v. Sanders

---

STATE OF NORTH CAROLINA v. LARRY RAY SANDERS

No. 7325SC589

(Filed 14 November 1973)

Criminal Law § 143— revocation of suspended sentence — necessity for specific findings

Where, in a proceeding to revoke suspension of sentence, the trial court failed to make specific findings as to what condition of suspension defendant had violated, the order revoking the suspension of sentence must be vacated and the cause remanded for a specific finding relating thereto.

APPEAL by defendant from *Falls, Judge,* 7 May 1973 Session CALDWELL Superior Court.

The judgment from which defendant appeals provides in pertinent part as follows:

"The defendant appeared before the Court this day after due notice upon an inquiry into an alleged violation

of condition of suspension of the prison sentence imposed in that certain JUDGMENT SUSPENDING SENTENCE appearing of record in this case issued on the 11th day of October, 1972.

"From evidence presented, the Court finds as fact that within the specified period of suspension, the defendant has wilfully violated the terms and conditions of the probation judgment.

"It is ADJUDGED that defendant has breached a valid condition upon which the execution of said sentence was suspended, and it is ORDERED that such suspension be revoked and that said defendant be imprisoned: For the term of Not Less than three (3) years nor more than five (5) years In the North Carolina State Prison.

"It is ordered that the defendant be given credit for 113 days spent in jail."

*Attorney General Robert Morgan by Sidney S. Eagles, Jr., Assistant Attorney General, and Conrad O. Pearson, Assistant Attorney General, for the State.*

*West & Groome by J. Laird Jacob, Jr., for defendant appellant.*

BRITT, Judge.

Defendant contends that he was not provided with proper notice of the hearing at which his probation was revoked, that evidence presented at time of hearing does not support the judgment, and that the court failed to make specific findings of fact as to his violation of the terms of the judgment placing him on probation.

In *State v. Robinson*, 248 N.C. 282, 103 S.E. 2d 376, (1958), our Supreme Court held that in order to activate a suspended sentence the trial court must find that the defendant has violated a valid condition of suspension and that such violation was without lawful excuse; and when the court *fails to find specific facts* supporting the conclusion that the violation was without lawful excuse, there is insufficient predicate for the order putting the suspended sentence into effect.

In *State v. Davis*, 243 N.C. 754, 92 S.E. 2d 177 (1956), the Supreme Court held that where the trial court fails to find

wherein the defendant had violated the conditions of suspension, defendant is entitled to have the cause remanded for *a specific finding* in regard thereto, since only by such finding may the defendant test the validity of the condition for violation of which the suspended sentence was activiated.

In *State v. Langley,* 3 N.C. App. 189, 164 S.E. 2d 529 (1968), this court held that where, in a proceeding to revoke a judgment of probation, the trial court fails to make *specific findings* as to what condition of probation the defendant had violated, the order revoking the probation judgment must be vacated and the cause remanded for specific findings relating thereto.

For failure of the trial judge in the case at hand to make specific findings as to what condition of the suspended sentence or judgment of probation defendant had violated, this cause must be remanded for further hearing.

Remanded.

Judges PARKER and BALEY concur.