STATE OF NORTH CAROLINA v. LEAH JANE STUNTZ

No. 7429SC850

(Filed 18 December 1974)

**Criminal Law § 143— violation of conditions of probation**

The evidence was sufficient to support findings by the trial court that defendant violated the conditions of her probation by failing to report to her probation officer as directed, changing her place of residence without the consent of her probation officer, and failing to remain in her dormitory room each night after 10:00 p.m. while in school.

APPEAL by defendant from *Martin, Judge (Harry C.)*, 16 May 1974 Session of Superior Court held in RUTHERFORD County. Heard in the Court of Appeals on 21 November 1974.

On 17 August 1973 the defendant was convicted in Rutherford County for possession of 500 grams of marijuana with intent to distribute. She was sentenced to be imprisoned from three (3) to five (5) years, but the sentence was suspended and defendant placed on probation upon certain conditions, including the following:

"(c) Report to the Probation Officer as directed:

\*   \*   \*

(f) Remain within a specified area and shall not change place of residence without written consent of the probation officer:

\*   \*   \*

SPECIAL CONDITIONS:

\*   \*   \*

6. That she is to remain in her room each night after 10 o'clock P.M. while in school."

On 29 April 1974 defendant's probation officer, Mrs. Kathryn Crisp, filed a verified report alleging that the defendant had violated the terms and conditions of her probation in the following respects:

(a) The defendant moved from her dormitory room at Western Carolina University on 30 November 1973 without the written consent of her probation officer, a violation of condition (f) ;

(b) The defendant failed to report to her probation officer as directed on 29 November 1973 and on 6 December 1973, a violation of condition (c);

(c) The defendant was out of her dormitory room after 10:00 p.m. on or about 11 November 1973 and on 4 December 1973, a violation of special condition (6); and

(d) The defendant failed to report as directed to a revocation hearing at Haywood County Superior Court on 4 February 1974, a violation of condition (c).

When the matter came on for hearing at the 16 May 1974 Session of Superior Court held in Rutherford County upon the report of the probation officer, the State offered evidence tending to show the following: Upon conviction, the defendant was placed under the supervision of Mrs. Kay Taylor, probation officer in Rutherford County. However, in September of 1973, when the defendant entered Western Carolina University at Cullowhee, N. C., her case was transferred to Mrs. Kathryn Crisp. About 16 November 1973 Mrs. Crisp wrote a letter asking the defendant to meet her at the Student Union on 29 November 1973. The defendant did not keep this appointment; and although Mrs. Crisp went to the defendant's dormitory room, she was unable to locate the defendant on that day. Mrs. Crisp made at least six trips to the Western Carolina campus to find the defendant and made numerous attempts to telephone her. Furthermore, she wrote letters to the defendant and left notes for her when she visited the defendant's dormitory. The defendant did not respond to any of the notes or letters and did not contact the probation office at Bryson City after arriving on campus as she was instructed by Mrs. Taylor. On 23 October 1973 defendant asked Mrs. Taylor if she could move to Florida. Mrs. Taylor told defendant that she had a new probation officer and refused to give her permission to change her residence. About 30 November 1973 defendant moved from her dormitory room without notifying Mrs. Crisp or getting her written permission. The defendant finally met with Mrs. Crisp on 14 January 1974. At this time she was advised that her probationary sentence would likely be revoked and was notified to appear at the 4 February 1974 Session of Superior Court in Haywood County. The defendant failed to appear.

The defendant testified that she received a letter from Mrs. Crisp in November 1973. Pursuant to this letter she telephoned

Mrs. Crisp but was unable to reach her. The defendant received another letter requesting her to meet with her probation officer at the Student Union on 29 November 1973. However, the defendant was in Rutherfordton on that day and was unable to get transportation back to Western Carolina. The defendant further testified that while she lived at school she was occasionally out of her room after 10:00 p.m. Sometimes she went to another girl's room to study and sometimes she went to the lobby of her dormitory to practice playing the piano. At her 14 January 1974 meeting with Mrs. Crisp she told her probation officer that she had moved home. On 17 January 1974 the defendant, accompanied by her boyfriend, moved to Florida. She was arrested in Florida and remained in jail from 4 April 1974 to 1 May 1974 before being returned to North Carolina.

After the hearing Judge Martin found and concluded that the defendant had willfully and without lawful excuse violated the terms and conditions of her probation in the following respects:

(a) On or about 30 November 1973 the defendant moved from her dormitory room at Western Carolina University and changed her residence to an unknown address without the written consent of her probation officer;

(b) The defendant failed to report to her probation officer as directed on 29 November 1973 and on 6 December 1973;

(c) The defendant was not in her dormitory room after 10:00 p.m. on or about 11 November 1973 and on 4 December 1973;

(d) The defendant failed to appear at the 4 February 1974 Session of Superior Court in Haywood County as directed by her probation officer; and

(e) On or about 17 January 1974 the defendant moved to the State of Florida without the consent of her probation officer.

From an order entered on 20 June 1974 revoking her probation and activating her prison sentence of three (3) to five (5) years, the defendant appealed.

*Attorney General James H. Carson, Jr., by Associate Attorney Jesse C. Brake for the State.*

*Hamrick & Bowen by James M. Bowen for defendant appellant.*

HEDRICK, Judge.

Defendant contends that insufficient evidence was introduced at the hearing to support the finding by the trial judge that she willfully and without lawful excuse violated the terms and conditions of her probation. We do not agree.

With respect to probation revocation hearings, our Supreme Court, in *State v. Hewett,* 270 N.C. 348, 353, 154 S.E. 2d 476, 480 (1967), has stated:

> "Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt. [Citations omitted.]
>
> All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended."

Absent a gross abuse of discretion, the findings of fact by the trial judge and the judgment entered thereon will not be reversed on appeal. *State v. Robinson,* 248 N.C. 282, 286, 103 S.E. 2d 376, 379 (1958). In the case at bar, there was plenary competent evidence from which the trial judge, in the exercise of his sound discretion, could find that the defendant willfully and without lawful excuse violated the terms and conditions of her probation as set forth in the order revoking her suspended sentence.

The order appealed from is

Affirmed.

Chief Judge BROCK and Judge CAMPBELL concur.