State v. Clark

STATE OF NORTH CAROLINA v. WESLEY CLARK

No. 7527SC965

(Filed 21 April 1976)

Criminal Law § 143— violation of probation conditions — sufficiency of evidence

    Evidence was sufficient to support trial court's findings that defendant willfully violated the terms and conditions of his probation where such evidence tended to show that defendant did not work regularly when work was in fact available to him, defendant failed to pay into court sums required of him for court costs and attorney's fee, and defendant moved from his place of residence without securing written permission from his probation officer.

APPEAL by defendant from *Friday, Judge.* Judgment entered 12 September 1975 in Superior Court, GASTON County. Heard in the Court of Appeals 16 March 1976.

The defendant, Wesley Clark, is appealing from an order revoking his probation and activating a prison sentence of four years imposed in a judgment entered by *Snepp, Judge,* on 31 October 1973. At the probation hearing, the State offered evidence tending to show the following:

The defendant was placed on five years probation by Judge Snepp with certain conditions—those pertinent to the revocation hearing being that the defendant pay $289.00 court costs and $250.00 attorney's fee into the court at the rate of $15.00 per month beginning November 1973; that he not change

his residence without written permission from his probation officer; and that he work faithfully at suitable, gainful employment as far as possible. John Laughridge, the defendant's probation officer, testified that the defendant had paid only $90.00 into the court and was $165.00 in arrears. The defendant had not been working regularly. Laughridge described various jobs which the defendant had held, none of which the defendant kept for much more than a month, and testified " . . . that the defendant [had] not maintained employment when, in fact, work was available to him. . . . " The defendant was fired from one job for excessive absenteeism and walked off another job after working only one day. Finally, around 15 March 1975, the defendant moved from his place of residence without securing written permission from his probation officer. His whereabouts remained unknown until May 1975 when he was arrested on the warrant charging violations of his probation. Laughridge also testified that the defendant had a "drinking problem," and that he was aware of the defendant being epileptic and having "sugar," but that no employer had mentioned these facts when discussing defendant's work history.

The defendant in his testimony did not deny that he was behind in his payments, that he had not worked regularly, or that he had moved without permission. He testified, though, that as a result of his epilepsy, when he felt a seizure coming on, he would leave work to hide that fact from his employers because they would not hire people with epilepsy. In addition he was a diabetic and was often without sufficient funds to buy medication for either sickness. As a result of his illnesses and poor health, he was hospitalized twice, could not work regularly, and could not earn enough money to make his payments into the court. He had changed his residence without permission because the landlord had thrown his family out when they could not pay the rent.

At the close of the hearing, the court made the following findings:

"2. The Court finds as a fact that the defendant has wilfully and without lawful excuse violated the conditions of the Probation Judgment as hereinafter set out.

(A) That the defendant has refused to pay Court costs and attorney's fees as ordered, having paid only $90.00 to date, last payment being made on June 7, 1974; he

State v. Clark

is $165.00 in arrears, in violation of the Condition of Probation 'That he shall pay the sum of $289.00 for costs of this action. That he shall pay the sum of $250.00 to reimburse the State for his attorney's fees. The above monies are to be paid into the Office of the Clerk of Superior Court of Gaston County at the rate of $15.00 per month beginning on or before Friday, November 30, 1973, and a like amount on or before the last Friday of each and every month thereafter until all monies are paid in full.'

(B) That on or about March 15, 1975, the probationer did abscond from his residence at Traveler's Court, Route 5, Gastonia, North Carolina without securing written permission from the Probation Officer; that his whereabouts are unknown at the present time, in violation of the Condition of Probation that he shall 'Remain within a specified area and shall not change place of residence without written consent of the Probation Officer, and shall not leave the State of North Carolina without prior written consent of the Probation Officer.'

(C) That the defendant has not maintained employment, when, in fact, work was available to him, in that he was hired at Pharr Yarns, McAdenville, North Carolina on November 5, 1973 and terminated November 29, 1973; he was rehired at Pharr Yarns on December 17, 1973 and terminated on January 17, 1974; he was rehired at Pharr Yarns on May 17, 1974 and terminated on July 9, 1974; on September 10, 1974, he was hired at Rex Mills #3, Ranlo, North Carolina and terminated on October 14, 1974; he was hired at Groves Mill, Gastonia, North Carolina on April 9, 1974 and terminated on April 10, 1974 after walking off the job; he was hired at J. P. Stevens Company (Ragan Plant), Bessemer City, North Carolina on April 23, 1974 and discharged for excessive absenteeism on May 10, 1974, in violation of the Condition of Probation that he shall 'Work faithfully at suitable, gainful employment as far as possible.' "

From the order revoking defendant's probation and activating the prison sentence imposed of four years, defendant appealed.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Matthis.*

*Harris & Bumgardner by Don H. Bumgardner for defendant appellant.*

HEDRICK, Judge.

By his one assignment of error, defendant contends the evidence adduced at the hearing does not support the findings and conclusion that defendant willfully violated the terms and conditions of probation.

Whether the defendant had willfully violated the conditions of his probation is a question of fact to be determined by the judge. *State v. Barrett,* 243 N.C. 686, 91 S.E. 2d 917 (1956). Findings of fact based on evidence which reasonably satisfies the judge, in the exercise of his sound discretion, that the defendant has violated a valid condition of probation will not be disturbed on appeal. *State v. Seagraves,* 266 N.C. 112, 145 S.E. 2d 327 (1965).

We find and hold that the evidence is ample to support the material findings that the defendant willfully violated the terms and conditions of his probation. The judgment appealed from is affirmed.

Affirmed.

Judges MORRIS and ARNOLD concur.