**STATE v. PAYNE**

[156 N.C. App. 687 (2003)]

Reversed and remanded.

Judges TYSON and LEVINSON concur.

———

STATE OF NORTH CAROLINA v. CARLOS DEVITO PAYNE

No. COA02-809

(Filed 18 March 2003)

**1. Probation and Parole— probation conditions—conduct in jail—DOC rules—applicable to local jail**

A defendant who was serving an active term in a local jail as a condition of probation was bound by Department of Correction rules and regulations even though the probation judgment which referred to DOC rules and regulations did not address conduct in a local jail.

**2. Probation and Parole— probation conditions—active term in local jail—defendant not told of state rules—similar local rule**

There was sufficient evidence for the trial court to conclude that a defendant who threatened jail officers violated a probation condition requiring obedience to State Department of Correction rules, even though defendant was in a local jail and had not been told of those rules, where the local jail and DOC had similar prohibitions on threatening and abusive language toward staff members.

**3. Appeal and Error— preservation of issues—constitutional challenge to probation condition—not raised below—no assignment of error**

A constitutional challenge to a probation condition was not considered on appeal because it was not raised at trial and was not based on an assignment of error.

Appeal by defendant from judgment dated 29 November 2001 by Judge Michael E. Helms in Buncombe County Superior Court. Heard in the Court of Appeals 4 March 2003.

**STATE v. PAYNE**

[156 N.C. App. 687 (2003)]

*Attorney General Roy Cooper, by Assistant Attorney General J. Bruce McKinney, for the State.*

*Jon W. Myers for defendant appellant.*

BRYANT, Judge.

Carlos Devito Payne (defendant) appeals from a judgment and commitment upon revocation of probation dated 29 November 2001.

Defendant pled guilty on 25 May 2001 to felony death by motor vehicle and felonious hit and run. The trial court consolidated the convictions and imposed a minimum prison term of sixteen months and a maximum term of twenty months. The trial court suspended the sentence and placed defendant on supervised probation for thirty-six months. As a special condition of probation, the trial court ordered defendant to serve an active term of ninety days in the Buncombe County Detention Facility. The judgment also provided as a regular condition of probation that, "[i]f the defendant is to serve an active sentence as a condition of special probation, the defendant shall also . . . [o]bey the rules and regulations of the Department of Correction governing the conduct of inmates while imprisoned."

On 3 August 2001, a violation report was filed alleging defendant had violated the regular condition of his probation while serving the active 90-day term in the Buncombe County Detention Facility. Following a hearing, the trial court activated defendant's sentence after finding defendant had willfully and without lawful excuse committed the alleged violations. The evidence presented at the hearing that is pertinent to this appeal is set out below.

---

The issues are whether: (I) "the rules and regulations of the Department of Correction governing the conduct of inmates while imprisoned" applied to defendant; (II) defendant's conduct was willful; and (III) defendant may argue on appeal that N.C. Gen. Stat. §§ 15A-1343(b) and 15A-1351 are unconstitutional.

I

[1] Defendant argues that since he was not housed in a Department of Correction (DOC) facility, the rules and regulations of the DOC did not apply to him. Stated another way, defendant contends the trial court's judgment placing him on probation fails to address conduct in a local jail.

The regular condition of probation quoted above is based upon the provisions of N.C. Gen. Stat. §§ 15A-1351(a) and 15A-1343(b)(11). Specifically, section 15A-1351(a) provides:

> Under a sentence of special probation, the court may suspend the term of imprisonment and place the defendant on probation as provided in Article 82, Probation, and in addition require that the defendant submit to a period or periods of imprisonment in the custody of the Department of Correction or a designated local confinement or treatment facility at whatever time or intervals within the period of probation, consecutive or nonconsecutive, the court determines. In addition to any other conditions of probation which the court may impose, the court shall impose, when imposing a period or periods of imprisonment as a condition of special probation, the condition that the defendant obey the Rules and Regulations of the Department of Correction governing conduct of inmates, and this condition shall apply to the defendant whether or not the court imposes it as a part of the written order. If imprisonment is for continuous periods, the confinement may be in the custody of either the Department of Correction or a local confinement facility.

N.C.G.S. § 15A-1351(a) (2001) (emphasis added). Consistent with this section, the statute listing regular conditions of probation provides, in part:

> In addition to these regular conditions of probation, a defendant required to serve an active term of imprisonment as a condition of special probation pursuant to G.S. 15A-1344(e) or G.S. 15A-1351(a) shall, as additional regular conditions of probation, obey the rules and regulations of the Department of Correction governing the conduct of inmates while imprisoned . . . .

N.C.G.S. § 15A-1343(b)(11) (2001) (emphasis added). These statutes clearly show that a defendant who is serving an active sentence in a local confinement facility, such as a county jail, is also subject to the rules and regulations of the DOC even if the defendant is not housed in a DOC facility. Consequently, defendant was bound by the DOC rules and regulations.

## II

[2] Defendant also claims he was not informed of DOC rules and regulations while housed in the Buncombe County Detention Facility, and therefore, his DOC rule violation was not willful.

To revoke probation, the evidence must only "be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended." *State v. Robinson*, 248 N.C. 282, 285-86, 103 S.E.2d 376, 379 (1958). In this case, the State presented evidence tending to show that when defendant became an inmate of the Buncombe County Detention Facility, he was shown a videotape advising him of the facility's rules and regulations and provided a copy of these rules and regulations in their entirety. Part of the rules and regulations is a prohibition against threatening or using abusive language toward staff members of the detention facility. The DOC rules and regulations contain a similar prohibition against the usage of threatening or abusive language.

On 26 June 2001, defendant told an officer of the Buncombe County Detention Facility who had reprimanded him about the misuse of an emergency call box that "he had killed a man and only received 90 days, and it would be easy to do it again." Defendant also told the officer, "I'll see you on the street and take care of your problem in a hurry." One month later, defendant screamed at another officer at the facility, "You don't tell me what to do . . . . If you come in here and put your f[------] hands on me, I'll f[------] kill you." We conclude this evidence is sufficient to support the trial court's finding that defendant willfully and without lawful excuse violated the condition of probation. Accordingly, we find no abuse of discretion.

III

[3] Finally, defendant contends that sections 15A-1343(b) and 15A-1351 are unconstitutional because they violate due process and equal protection. This contention is not based on an assignment of error in the record and therefore is not properly presented. *See* N.C.R. App. P. 10(a) ("the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal"). Moreover, defendant failed to challenge the constitutionality of these statutes in the trial court. As constitutional issues not raised in the trial court will not be considered for the first time on appeal, *State v. Benson*, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988), we do not address this issue.

No error.

Judges HUNTER and ELMORE concur.