### STATE v. MACK B. THOMPSON, JR.

(Filed 6 June, 1956.)

**Criminal Law § 62f—**

> On appeal from an order of an inferior court putting into effect a suspended sentence, the hearing in the Superior Court must be *de novo*, and where the Superior Court merely finds that there was evidence to support the findings and order of the inferior court, and affirms the order, the cause must be remanded. G.S. 15-200.1.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Carr, J.,* at October 1955 Term, of ALA-MANCE.

Criminal prosecution upon a warrant issued 12 April, 1955 by justice of peace returnable before Municipal Recorder's Court of the city of Burlington, N. C., charging that defendant "did unlawfully and wilfully fail and refuse to provide adequate support for his wife and six minor children while living with his wife."

The record shows (1) that defendant was adjudged guilty, and, by judgment, sentenced to County jail for 12 months, suspended for two years on payment of $25.00 weekly into Clerk's office "for sup. and maintenance of wife and minor children" as stated; (2) that on 14 September, 1955, upon "it appearing that defendant has breached the terms of said judgment, in that he has been convicted of being in arrears in amount of $204.00 in this account," the judge of the Municipal Court entered judgment putting into effect the sentence imposed in

the original judgment; (3) that defendant excepted thereto and appealed to Superior Court, and on appeal, the court finding "that there is evidence to support the order of the Municipal Recorder's Court and the findings of said court," ordered that the judgment of the Municipal Recorder's Court be affirmed, and that defendant be confined to jail and assigned to work on the road . . . "for a term of twelve months"; and (4) defendant excepted thereto, and appeals to Supreme Court and assigns error.

*Attorney-General Rodman, Assistant Attorney-General Harry W. McGalliard, and F. Kent Burns, Staff Attorney, for the State.*
*Barrett & Wood for Defendant Appellant.*

PER CURIAM. G.S. 15-200.1 provides that: "In all cases where a suspended sentence theretofore entered in a court inferior to the Superior Court, is invoked by the court inferior to the Superior Court, the defendant shall have the right to appeal therefrom to the Superior Court, and, upon such appeal, the matter shall be heard *de novo,* but only upon the issue of whether or not there has been a violation of the terms of the suspended sentence . . ." See 1951 Session Laws of N. C., Chapter 1038. *S. v. Barrett,* 243 N.C. 686, 91 S.E. 2d 917; *S. v. Davis,* 243 N.C. 754, 92 S.E. 2d 177.

It appearing the instant matter was not heard *de novo* by the Superior court, on appeal thereto, as required by G.S. 15-200.1, the judgment putting the sentence into execution is set aside, and the cause remanded to Superior Court of Alamance County for further hearing in accordance with law.

Error and remanded.

JOHNSON, J., took no part in the consideration or decision of this case.