STATE OF NORTH CAROLINA v. HOYT ELLIOTT

No. 7429SC479

(Filed 3 July 1974)

1. **Constitutional Law § 32; Criminal Law § 143— revocation of suspension of sentence — absence of defense counsel**

    The trial court did not err in hearing a motion to activate defendant's suspended sentence when defendant was not represented by counsel where defendant informed the court that he was able to employ an attorney, the hearing was set for a later date, and when the case was called the attorney employed by defendant did not appear at the hearing because of involvement in a trial in another county, since defendant should have employed another attorney if the one he desired was unavailable.

State v. Elliott

2. **Criminal Law § 143— revocation of suspension of sentence — evidence**

   In a hearing to revoke a suspended sentence, the court is not bound by strict rules of evidence, and all that is required is that there be competent evidence reasonably sufficient to satisfy the judge in the exercise of a sound judicial discretion that defendant, without lawful excuse, violated a valid condition of the suspended sentence.

3. **Criminal Law § 143— revocation of suspension of sentence — failure to close club**

   The evidence was sufficient to support the court's determination that defendant breached a condition of his suspended sentence for possession of liquor for purpose of sale by failing to close a certain club which he operated where a deputy sheriff testified he had been to the club within the past six months and found people sitting around inside the building drinking beer, he saw defendant at the club on the several occasions he went there in the past year, and he found several cases of beer in the building two weeks before the hearing.

APPEAL by defendant from *Martin (Robert), Judge,* January 1974 Session of Superior Court held in McDOWELL County.

On 15 June 1972, in superior court, defendant pleaded guilty to possession of intoxicating liquor for purpose of sale. The court entered judgment imposing an 18 months prison sentence; execution of the sentence was suspended for five years upon conditions that defendant pay a fine of $500 and costs, and that he close the Am-Vet Club building.

On 8 January 1974, defendant was served with written notice from the district attorney to appear in the superior court on Friday, 11 January 1974, and show cause, if any he had, as to why the suspended sentence should not be put into effect.

On 11 January 1974, Judge Exum, presiding over McDowell Superior Court, ordered that the hearing on the district attorney's motion be held on Wednesday, 16 January 1974, at 9:30 a.m. A hearing was conducted on Friday afternoon, 18 January 1974, by Judge Robert M. Martin who was then presiding over McDowell Superior Court. Following the hearing, the court found that defendant had willfully failed to close the Am-Vet Club building, adjudged that he had breached a valid condition upon which the execution of his prison sentence was suspended, and ordered that the suspension be revoked and that the prison sentence be activated. Defendant appealed.

---

---

*Attorney General Robert Morgan, by Associate Attorney Charles J. Murray, for the State.*

*Davis and Kimel, by Horace M. Kimel, Jr., and L. Wingate Cain, Jr., for defendant appellant.*

BRITT, Judge.

[1]  First, defendant contends the court erred in hearing the motion to activate his suspended sentence because he was not represented by counsel. We find no merit in this contention.

Defendant does not contend that he was indigent and that an attorney should have been appointed for him. He argues that he had employed an attorney from another county to represent him and that the attorney was unable to appear at the hearing because of involvement in a trial in that county.

The record reveals: When this cause was before Judge Exum during the first week of the session, defendant advised the court he was able to employ a lawyer; Judge Exum set the cause for hearing on the following Wednesday and told defendant the cause would be heard. On Friday morning, 18 January 1974, the last day of the session, the district attorney informed defendant the cause definitely would be heard that day. The case was called at 4:00 p.m. and defendant stated that he had employed a lawyer from Asheville but had not paid him. The district attorney stated that the attorney had not contacted him about the case. Judge Martin proceeded with the hearing.

We hold that, under the facts appearing, the court did not err in proceeding with the hearing. Defendant had been given ample opportunity to employ a lawyer. If the attorney he desired was not available, he should have employed another.

Defendant contends the court's finding that he had violated a condition of his suspended sentence was not supported by sufficient evidence. We find no merit in this contention.

[2]  A proceeding to revoke a suspended sentence is not a criminal prosecution but is a proceeding solely for the determination by the court as to whether there has been a violation of a valid condition of suspension so as to warrant putting into effect a sentence theretofore entered. In conducting the proceeding, the court is not bound by strict rules of evidence, and all that is required is that there be competent evidence reasonably sufficient to

satisfy the judge in the exercise of a sound judicial discretion that the defendant had, without lawful excuse, violated a valid condition of the suspended sentence. *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967).

[3] The evidence presented at the hearing included the testimony of a deputy sheriff of McDowell County summarized as follows: He was familiar with the Am-Vet's Club operated by defendant in McDowell County. Within six months prior to the hearing, he had been to the club, found the building open with people on the inside sitting around drinking beer. He searched the building some two weeks prior to the hearing and found several cases of beer. On several occasions that he went to the club during 1973 he saw defendant there.

We hold that the evidence was sufficient to support the court's finding that defendant had violated a condition of his suspended sentence.

Affirmed.

Judges MORRIS and BALEY concur.