State v. Cash

STATE OF NORTH CAROLINA v. WILLIAM YANCEY CASH

No. 7610SC289

(Filed 15 September 1976)

1. Criminal Law § 143— revocation of suspended sentence — hearing de novo in superior court

   A hearing in superior court on appeal from a district court order placing into effect a suspended sentence was *de novo* as required by G.S. 15-200.1 and G.S. 7A-271(b) where the superior court judge heard the testimony of witnesses for both sides and made his own findings of fact.

2. Criminal Law § 143— appeal of revocation of suspension of sentence — failure to pay child support — incompetency of evidence as to visitation and custody

   In a hearing on appeal to the superior court from revocation of suspension of a sentence, the issue before the court was whether defendant violated the condition of suspension requiring him to make payments for the support of his minor child, and the court did not err in excluding evidence concerning a denial of defendant's visitation rights and whether the mother had actual custody of the child during the time defendant failed to make support payments.

3. Criminal Law § 143— revocation of suspension of sentence — failure to pay child support — ability to pay

   The evidence was sufficient to support the court's finding that defendant was able to comply with a condition of his suspended sentence requiring him to make weekly payments for support of his minor child and that his failure to do so was without lawful excuse.

APPEAL by defendant from *Clark, Judge.* Judgment entered 21 November 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 24 August 1976.

This appeal is from an order revoking the suspended sentence of appellant for his failure to comply with the conditions of suspension.

On 21 August 1973 appellant was convicted of wilfully refusing to provide adequate support for his minor children. His six month sentence was suspended for five years upon the condition that he pay $25 a week to the Clerk of the Superior Court for child support. On 20 June 1974 this payment was reduced to $20 weekly. By 17 April 1975 appellant was $412 in arrears, and on that date, in an action by the State to revoke appellant's suspended sentence, the district court judge found that the failure to pay was not wilful but legally excused. The

court ordered appellant to commence paying $20 weekly as regular support and, in addition, to pay his arrears on or before 18 August 1975. However, appellant continued to fall in arrears, and as of 10 July 1975 he was $852 behind. On that date the State again moved to revoke appellant's suspended sentence. Notice was given to appellant, and the motion was heard in District Court in Wake County. The suspended sentence was revoked 21 August 1975. Appellant appealed for a trial *de novo* in superior court.

Hearing on the revocation was held in superior court on 21 November 1975. The court heard witnesses for both sides, concluded that appellant was in wilful violation of his suspended sentence, and ordered it revoked.

*Attorney General Edmisten, by Associate Attorneys Norma S. Harrell and William H. Guy, for the State.*

*C. Diederich Heidgerd and Frederic E. Toms for defendant appellant.*

ARNOLD, Judge.

[1] We reject appellant's position that the superior court hearing was not *de novo* as required by G.S. 15-200.1 and G.S. 7A-271(b). He contends that the superior court hearing was merely a review of the district court hearing. If the hearing were not *de novo* then the case would have to be remanded. *State v. Thompson,* 244 N.C. 282, 93 S.E. 2d 158 (1956).

This case is distinguishable from *Thompson,* where the superior court judge merely examined the record of the district court hearing, found evidence therein to support the district court judgment, and affirmed it. In this case the superior court judge heard testimony by four witnesses who were examined and cross-examined. Moreover, appellant's own testimony contained damaging admissions concerning the wrongful nature of his actions. The superior court hearing was *de novo,* and there was ample evidence to support the findings of fact by the superior court judge.

[2] Appellant next contends that the court erred in excluding evidence tending to show that his former wife did not actually have custody of their child during the time he failed to make payments, and that he was denied visiting privileges. He argues that this evidence showed changed conditions which would re-

quire a modification or revocation of the terms of his suspended sentence under G.S. 15-200.1. That statute provides:

" . . . In all cases where . . . suspension of sentence entered in a court inferior to the superior court is revoked . . . , the defendant shall have the right of appeal therefrom to the superior court, and, upon such appeal, the matter shall be determined by the judge . . . , but only upon the issue of whether or not there has been a violation of the terms of the . . . suspended sentence. Upon its finding that the conditions were violated, the superior court shall enforce the judgment of the lower court unless the judge finds as a fact that circumstances and conditions surrounding the terms of the probation and the violation thereof have substantially changed, so that enforcement of the judgment of the lower court would not accord justice to the defendant, in which case the judge may modify or revoke the terms of the probationary or suspended sentence in the court's discretion . . . . "

Appeal to superior court from a revocation of suspended sentence is authorized "only upon the issue of whether or not there has been a violation of the terms of the . . . suspended sentence." Where the superior court finds that the terms of the suspended sentence have been violated it "shall enforce the judgment unless" it finds that the circumstances surrounding the conditions have changed so much that revocation would be unjust. However, the inquiry into changed circumstances is directed only to circumstances which are relevant to the conditions of suspension.

In this case, sentence was suspended upon condition that appellant make certain payments for the support of his minor child. The issue before the court was whether that condition had been violated, and it was not error to exclude evidence concerning appellant's visitation rights and whether the mother actually had custody.

[3] Appellant's contention that the court erred in concluding that he was able to comply with the terms of his suspended sentence, and that his failure to do so was without lawful excuse, is without merit. Evidence presented at the hearing to revoke a suspended sentence is only required to be such as to reasonably satisfy the judge in the exercise of his sound discretion that a valid condition upon which sentence was suspended has

been violated. *State v. Simpson*, 25 N.C. App. 176, 212 S.E. 2d 566; *State v. Elliott*, 22 N.C. App. 334, 206 S.E. 2d 367. There was sufficient evidence in support of the findings upon which the court concluded that appellant wilfully and without lawful excuse breached the condition of his suspended sentence.

We also find no merit in appellant's assignments of error concerning questions asked by the trial judge and the adequacy of the notice of the grounds for sentence activation. The order appealed from is

Affirmed.

Chief Judge BROCK and Judge PARKER concur.