**Robert E. HENSLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9104–CR–143.[1]

Court of Appeals of Indiana,
First District.

Dec. 30, 1991.

---

1. This case was transferred to this office by order of the Chief Judge on November 18, 1991.

Howard Howe, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Robert E. Hensley ("Hensley") appeals from the revocation of his probation following the acceptance of his plea agreement, resulting in his conviction for Criminal

2. IND.CODE § 35–42–2–2.

Recklessness,[2] a Class D felony. We affirm.

## ISSUE

Was the evidence sufficient to sustain the revocation of Hensley's probation?

## FACTS

Hensley entered into a plea agreement with the State on December 7, 1989, in which he pleaded guilty to a count of criminal recklessness, and the State agreed to forgo prosecution of a battery count against Hensley. On January 5, 1990, Hensley was sentenced pursuant to the plea agreement to four (4) years at the Department of Correction, all suspended, with two (2) years' probation. A written statement of the probationary terms was read to and acknowledged by Hensley, and he agreed to comply with the terms.

Hensley's probation officer attempted to meet with him on several occasions, but learned from Hensley's parents that he had moved. Hensley left Indiana and resided in Florida until November of 1990. The probation officer filed a notice of probation violation on January 24, 1990, alleging that Hensley had failed to contact the probation department.

At the hearing held on December 19, 1990, Hensley admitted that he had gone to Florida and never notified the probation department or the court because he feared that he would have to return to jail. He also stated that he left Indiana because of threats he received from the victim involved in his previous charges. The trial court found that Hensley had violated the terms of his probation, and revoked the probation, reinstating his original sentence.

## DISCUSSION AND DECISION

■ Hensley argues that the evidence presented at the revocation hearing was insufficient to support the court's revocation of his probation. When presented with such a claim, we use the same standard of review as we do in any other sufficiency question. *Bryce v. State* (1989),

Ind.App., 545 N.E.2d 1094, 1099, *trans. denied.* We consider only the evidence most favorable to the State, along with all relevant inferences to be drawn therefrom. *Alfaro v. State* (1985), Ind.App., 478 N.E.2d 670, 672. If there is substantial evidence which supports the trial court's judgment, we will affirm. *Id.* In view of the evidence presented at the revocation hearing, we cannot say that Hensley's claim has merit.

■ IND.CODE § 35–38–2–3(d) and (e) require that in order to revoke probation, a hearing shall be conducted and the State must prove the violation by a preponderance of the evidence. Due process requires the court to state its reasons and the evidence relied upon when revoking probation. *Breaziel v. State* (1991), Ind.App., 568 N.E.2d 1072, 1073 (citing *Jaynes v. State* (1982), Ind.App., 434 N.E.2d 923). The trial court's findings comply with the *Jaynes* requirement.

■ Hensley's alleged violation involved failing to contact the probation department at any time following his placement on probation as required in his terms of probation. IND.CODE § 35–38–2–3(a) provides in relevant part:

"The court may revoke a person's probation if:

(1) the person has violated a condition of probation during the probationary period; and

(2) the petition to revoke probation is filed during the probationary period or before the earlier of the following:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation."

The State provided evidence that Hensley's terms of probation included the standard term that he:

"2. [ ] shall report as directed to the Probation Office, shall immediately notify that office of any change of address, shall not maintain a residence outside the County without permission, and shall obtain written permission for any out of State travel."

Record at 82. Hensley signed this form at the time probation was given. *Id.* Hensley's probation officer testified that she had never met with or spoken with Hensley, but had tried to contact him through his family with no success. Record at 85, 118–119. Hensley admitted to violating this term by failing to report to his probation officer at any time following his sentencing hearing. Record at 120–121. He also admitted that he never informed the probation department that he had received threats from the victim of his earlier conviction, and that he planned to move to Florida because he was afraid of returning to jail. This failure to contact the probation department or obtain permission to leave the state or notify the probation department of any address changes was a clear violation of the terms of probation to which he agreed. Hensley shows no error.

■ Hensley argues, however, that the defense of duress prevents his probation's revocation. We disagree. IND.CODE § 35–41–3–8 defines duress as:

"Sec. 8(a) It is a defense that the person who engaged in the prohibited conduct was compelled to do so by threat of imminent serious bodily injury to himself or another person. With respect to offenses other than felonies, it is a defense that the person who engaged in the prohibited conduct was compelled to do so by force or threat of force. Compulsion under this section exists only if the force, threat, or circumstances are such as would render a person of reasonable firmness incapable of resisting the pressure.

(b) This section does not apply to a person who:

(1) recklessly, knowingly, or intentionally placed himself in a situation in which it was foreseeable that he would be subjected to duress; or

(2) committed an offense against the person as defined in IC 35–42."

Although we agree with the State that to constitute duress, the compulsion must be such that the alternative with which the defendant is faced be instant and imminent, *Love v. State* (1979), 271 Ind. 473, 475, 393 N.E.2d 178, 179, we disagree with the

State's interpretation of I.C. § 35–41–3–8 as applied to Hensley's situation. The duress defense may be asserted by probationers who violate terms of probation; however, Hensley does not show that the compulsion he felt from the victim's alleged harassment rose to the degree necessary to constitute duress. *See Early v. State* (1985), Ind., 482 N.E.2d 256, 258 (duress defense is not intended to be given a broad reading; defense is only allowed where the prohibited conduct is compelled by threat of *imminent serious bodily injury*) (emphasis in original).[3] Even if we had so found, Hensley's argument would not prevail. If he was being threatened with harm which was so imminent as to qualify as duress under the statute, he could have contacted the probation department and reported such occurrence. Fleeing the state was not the only alternative, and, because he was on probation, was not Hensley's prerogative.

Hensley in essence asks us to reweigh the evidence presented at the revocation hearing, which we cannot do.

Affirmed.

BUCHANAN and BARTEAU, JJ., concur.

---

3. Cf. *State v. Simpson* (1975), 25 N.C.App. 176, 212 S.E.2d 566, *cert. denied,* 287 N.C. 263, 214 S.E.2d 436 and *State v. Elliott* (1974), 22 N.C.App. 334, 206 S.E.2d 367, *appd. dsmd.,* 285 N.C. 761, 209 S.E.2d 285 (in hearing to revoke suspended sentence, court is not bound by strict rules of evidence, and all that is required is that there be competent evidence reasonably sufficient to satisfy judge in exercise of sound judicial discretion that defendant, *without lawful excuse,* violated a valid condition of the suspended sentence (emphasis added)).